923 A.2d 1119

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Gregory REAVES, Appellee.**

Supreme Court of Pennsylvania.

Submitted Jan. 19, 2006.

Decided May 31, 2007.

Max Cooper Kaufman, Esq., Hugh J. Burns, Jr., Esq., for Commonwealth of Pennsylvania.

David Scott Rudenstein, Esq., for Gregory Reaves.

BEFORE: CAPPY, C.J., and CASTILLE, SAYLOR, EAKIN, BAER, BALDWIN and FITZGERALD, JJ.

## OPINION

Justice CASTILLE.[1]

The Commonwealth of Pennsylvania appeals by allowance from a decision of the Superior Court which granted appellee sentencing relief under the Post Conviction Relief Act ("PCRA"),[2] finding that appellee's counsel at his violation of probation ("VOP") hearing was ineffective for failing to file a motion for reconsideration of sentence alleging that the VOP

1. This matter was reassigned to this author.
2. 42 Pa.C.S. § 9541 *et seq.*

court had failed to state on the record the reasons for the sentence. For the reasons that follow, we reverse and remand to the Superior Court for proceedings consistent with this Opinion.

On February 3, 1997, appellee pleaded guilty to three counts each of burglary and criminal conspiracy, and a single count of theft by unlawful taking.[3,4] On July 29, 1997, appellee was sentenced to an eleven and a half to twenty-three month term of imprisonment followed by two years of reporting probation, and he was directed to pay restitution, fines, and costs. While on probation, appellee failed to report to his probation officer and also failed to pay his restitution, fines, and costs. Appellee was subsequently apprehended and a brief VOP hearing was held on December 18, 2000 before the Honorable Rayford A. Means of the Court of Common Pleas of Philadelphia County. Judge Means revoked appellee's probation and sentenced him to a four to eight year term of imprisonment.[5] Appellee lodged no objection to the VOP sentence at the hearing, nor did he file a timely motion to modify or reconsider sentence.[6]

3. 18 Pa.C.S. §§ 3502, 903, and 3921, respectively.

4. It is unclear whether appellee pleaded guilty to attempted theft or theft. The transcript indicates a plea to "attempt theft", while the criminal complaint, the direct appeal opinion, and the parties' briefs state that the plea was to theft by unlawful taking. The discrepancy is of no moment for purposes of this appeal.

5. The Dissenting Opinion labels the VOP sentence "harsh." Appellee's burglary convictions were felonies of the first degree, meaning each was punishable by ten to twenty years of imprisonment. Thus, on the burglaries alone, the VOP court was legislatively authorized to sentence appellee to consecutive terms totaling thirty to sixty years of imprisonment. See 18 Pa.C.S. §§ 1103(1), 3502. Appellee's initial, negotiated county sentence was extremely favorable, and the VOP sentence cannot be described at all as harsh given the seriousness of the crimes and appellee's abject failure to abide by the requirements of his sentence.

6. The record contains a pro se "Motion to Modify Sentence Nunc Pro Tunc" which appellee apparently mailed from prison on January 18, 2001. The Motion was not docketed, perhaps because it was both untimely and post-dated appellant's notice of appeal, which divested the trial court of jurisdiction. The copy of the Motion in the record is stamped as "received" in Judge Means' chambers on February 26, 2001 and is separately stamped "DENIED."

Appellee did file a timely, *pro se* notice of appeal, and new counsel was appointed. On appeal, appellee alleged that the VOP court erred in imposing a sentence in excess of the ranges recommended in the Sentencing Guidelines [7] without stating the reasons for doing so on the record. He also claimed that the sentence imposed was excessive. The Superior Court affirmed the judgment of sentence on February 26, 2002. *Commonwealth v. Reaves,* No. 299 EDA 2001 (memorandum). The panel noted that the Sentencing Guidelines are inapplicable to VOP sentences, citing *Commonwealth v. Ware,* 737 A.2d 251 (Pa.Super.1999), and therefore held that the trial court did not err in failing to state reasons for departing from inapplicable guidelines. The panel found appellee's excessive sentence claim waived because he failed to petition for reconsideration of the sentence or "to pose the issue to the sentencing court in some other manner." Super. Ct. Op. at 4.

Later that year, on November 25, 2002, appellee filed a timely, *pro se* petition for relief under the PCRA. New counsel was appointed and he filed an amended PCRA petition. The amended petition raised a layered claim of counsel ineffectiveness, *i.e.,* appellee alleged both that (1) VOP hearing counsel "failed and refused" to file a motion to modify sentence, and (2) VOP appeal counsel was ineffective for failing to claim that VOP hearing counsel was ineffective in defaulting sentencing issues. In an accompanying letter brief, appellee identified the defaulted sentencing errors available to VOP counsel as including that the sentence was excessive, the VOP court failed to state the reasons for the sentence, the court abused its discretion in failing to inquire into the reasons why appellee violated his probation, the court failed to order a presentence investigation report, and the court failed to consider appellee's ability to pay the fines and costs imposed.

The Commonwealth filed a motion to dismiss, which assumed the truth of appellee's averments for purposes of dismissal, but argued that appellee was not entitled to relief as a matter of law because he had failed to demonstrate that he was prejudiced by counsel's failure to seek modification of

---

7. 204 Pa.Code § 303.1 *et seq.,* reprinted following 42 Pa.C.S. § 9721.

sentence. On August 22, 2003, Judge Means heard argument. Appellee argued a *per se* ineffectiveness theory at the hearing, a theory that was not set forth in his written pleadings, *i.e.*, he claimed that VOP counsel's failure to file a motion for reconsideration was the equivalent of failing to file a direct appeal, and therefore, VOP counsel should be deemed ineffective *per se*, thus removing appellee's burden to prove the actual prejudice required by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). The Commonwealth responded that classifying VOP counsel's actions as implicating *per se* professional incompetence would be making new law. The PCRA court agreed that the failure to file a motion for reconsideration of sentence does not implicate *per se* ineffectiveness. Judge Means then dismissed the PCRA petition on the ground that appellee failed to prove actual prejudice resulting from VOP counsel's omission because, speaking as the actual VOP sentencing judge, he would not have altered the sentence had a motion for reconsideration been filed. N.T., 8/22/03, at 8–14.

Appellee then appealed to the Superior Court, which reversed the denial of PCRA relief, vacated the judgment of sentence, and remanded for resentencing. *Commonwealth v. Reaves*, 863 A.2d 1230, No. 3190 EDA 2003 (Pa.Super. 2004) (memorandum). The panel found that appellee's claim that VOP counsel should have objected to the VOP court's failure to state the reasons for the sentence imposed had arguable merit because Pa.R.Crim.P. 708 requires VOP courts to make such a record statement. Citing *Commonwealth v. Coolbaugh*, 770 A.2d 788, 793 (Pa.Super.2001) and *Commonwealth v. Philipp*, 709 A.2d 920, 922 (Pa.Super.1998), the panel noted that, although VOP sentencing courts do not need to state their reasons for departing from the Sentencing Guidelines because the Guidelines do not apply to VOP sentences, VOP courts are required to state the reasons for the overall sentence imposed.

The panel found that VOP counsel's inaction defaulted a "legitimate challenge to the discretionary aspects" of appel-

lee's sentence. The court then summarily concluded that counsel's inaction lacked a reasonable basis because it limited appellee's options on appeal, and caused appellee prejudice because counsel "effectively waived [appellee's] right to challenge this issue on appeal." Accordingly, the panel found that appellee had "successfully established an ineffective assistance of counsel claim." Super. Ct. Op. at 4–5. In sustaining appellee's claim of ineffective assistance, the panel did not purport to depart from *Strickland* and *Pierce, i.e.,* it did not indicate that it accepted appellee's claim of *per se*/presumed prejudice.

After finding VOP counsel ineffective, the panel turned to what it called "the merits" of the defaulted sentencing claim, quoted the VOP hearing transcript, found that the VOP court did not state the reasons for its sentence, and ultimately concluded that it therefore was "constrained" to vacate the judgment of sentence and remand for resentencing. The panel confined itself to the failure to raise an objection premised upon Rule 708; it did not address appellee's claim respecting other objections counsel could have made. Moreover, although the panel had recognized at the outset that appellee raised a layered claim of ineffective assistance, it failed to discuss the performance of appellee's VOP appeal counsel in failing to pursue the claim of VOP hearing counsel ineffectiveness on direct appeal, but instead granted relief premised upon its finding respecting VOP counsel alone.[8]

This Court then granted the Commonwealth's petition for further review. *Commonwealth v. Reaves,* 583 Pa. 670, 876 A.2d 394 (2005) (per curiam). The scope and standard of review applicable on PCRA appeal are settled:

> As a general proposition, an appellate court reviews the PCRA court's findings to see if they are supported by the

---

8. Appellee's direct appeal from the VOP sentence was litigated and decided before this Court's decision in *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002), and thus new counsel had the opportunity and obligation to raise any claims respecting the performance of VOP counsel. In *Grant,* this Court adopted a general rule in direct appeals requiring deferral of claims of ineffective assistance of counsel to collateral, PCRA review. *Id.* at 738.

record and free from legal error. The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.

*Commonwealth v. Duffey*, 585 Pa. 493, 889 A.2d 56, 61 (2005) (citations omitted). In this case, however, our review focuses largely upon the Superior Court's identification and application of the proper legal principles. These are questions of law, as to which this Court's review is plenary. Moreover, with respect to claims of ineffective assistance of counsel, there may be both factual and legal elements at issue. *Commonwealth v. Spotz*, 582 Pa. 207, 870 A.2d 822, 830 (2005), *cert. denied*, 546 U.S. 984, 126 S.Ct. 564, 163 L.Ed.2d 474 (2005). The level of deference to the hearing judge may vary depending upon whether the decision involved matters of credibility or matters of applying the governing law to the facts as so determined. *See generally Commonwealth v. Gorby*, 589 Pa. 364, 909 A.2d 775, 792–94 (2006) (Cappy, C.J., joined by Newman, J., concurring); *id.* at 796 n. 2 (Castille, J., joined by Eakin, J., dissenting).

The Commonwealth argues that the Superior Court erred in granting sentencing relief on grounds of ineffective assistance of VOP counsel because appellee did not demonstrate that he suffered prejudice from counsel's failure to challenge the sentence before the VOP judge. Citing a line of decisions beginning with *Commonwealth v. McGill*, 574 Pa. 574, 832 A.2d 1014 (2003), the Commonwealth stresses that this is a circumstance where appellee was required to prove actual prejudice under the *Strickland/Pierce* ineffectiveness test as to both his VOP hearing counsel and VOP appeal counsel. The Commonwealth contends that appellee failed to prove that VOP hearing counsel's lapse prejudiced him, and indeed, the absence of prejudice is demonstrated by the fact that Judge Means stated that he would not have reduced the sentence even if counsel had asked for reconsideration. Because the outcome of the VOP sentencing proceeding would have been the same even if counsel had timely complained about the court's failure to state the reasons for the sentence on the

record, the Commonwealth contends, appellee's claim respecting VOP hearing counsel fails for want of a showing of prejudice.

The Commonwealth also takes issue with the Superior Court's prejudice analysis. The Commonwealth notes that the panel focused on the effect of counsel's default upon the direct appeal, *i.e.*, the fact that the default at sentencing led to the claim being unpreserved (as a direct review claim; it could have been raised as a derivative ineffectiveness claim) for appeal. The proper inquiry for *Strickland* prejudice purposes, the Commonwealth contends, is whether the outcome of the proceeding *before the VOP sentencing court* would have been different if counsel had filed for reconsideration. The Commonwealth notes that it is common for an attorney's actions to limit the issues available for appellate review, but that fact does not render the attorney ineffective. Because the PCRA court specifically found that the result at sentencing would not have been different if counsel had performed what he is faulted for not performing, the Commonwealth reiterates, appellee's VOP counsel cannot be deemed ineffective, and his derivative claim respecting VOP appeal counsel necessarily fails.

Finally, the Commonwealth anticipatorily rebuts appellee's claim—which was not embraced by Superior Court—that prejudice should be presumed when counsel defaults a procedural objection to a VOP sentence. The Commonwealth contends that prejudice is only properly presumed in the realm of ineffective assistance of counsel when there is an actual or constructive denial of counsel, the government interferes with counsel's assistance, or counsel has an actual conflict of interest. Appellant's Brief at 16 (citing *Smith v. Robbins,* 528 U.S. 259, 287, 120 S.Ct. 746, 765, 145 L.Ed.2d 756 (2000), and *Commonwealth v. Jones,* 572 Pa. 343, 815 A.2d 598, 613 (2002) (opinion announcing judgment of court)). The Commonwealth notes that this Court has only found three circumstances affecting appellate review that constitute a constructive denial of counsel warranting a presumption of prejudice: (1) when counsel fails to file a requested direct appeal, *see Common-*

*wealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564, 571 (1999); (2) when counsel neglects to file a requested petition for allowance of appeal with this Court, *see Commonwealth v. Liebel,* 573 Pa. 375, 825 A.2d 630, 635 (2003); and (3) when counsel fails to file a court-ordered Pa.R.A.P.1925(b) Statement of Matters Complained of on Appeal and that failure results in the waiver of all direct appeal claims, *see Commonwealth v. Halley,* 582 Pa. 164, 870 A.2d 795, 801 (2005). The Commonwealth argues that appellee's layered ineffectiveness claim arising from a defaulted sentencing claim does not fall into any of these categories, and therefore, prejudice cannot be presumed.

The Commonwealth also argues that appellee's situation is different from the total default in *Lantzy* because the filing of a motion for reconsideration is not necessary to preserve all issues for appellate review. A criminal defendant, the Commonwealth notes, may preserve sentencing challenges by raising them at the sentencing hearing itself, thereby rendering the filing of a motion for reconsideration optional. Moreover, even a failure to file a motion for reconsideration after failing to object at sentencing does not completely foreclose all appellate review, but only operates to waive issues relating to the discretionary aspects of sentencing. Appellate review of other issues is still viable, the Commonwealth explains, as demonstrated by appellee's ability to raise claims challenging the validity of the revocation proceeding itself and the legality of his sentence. The Commonwealth concludes that this Court has specifically held that presumed prejudice does not apply in instances where counsel's actions did not completely preclude appellate review, but "merely narrowed its ambit." Appellant's Brief at 18 (citing *Halley, supra,* and *Commonwealth v. Johnson,* 565 Pa. 51, 771 A.2d 751, 757 (2001) (opinion announcing judgment of court)).

Appellee's response does not confine itself to the specific reason the Superior Court cited in granting relief—*i.e.,* counsel's failure to object to the absence of a statement of reasons for the sentence—but instead focuses upon the multiple sen-

tencing claims he says counsel defaulted.[9] Appellee then claims that he asked his VOP counsel to file a motion for sentencing reconsideration, counsel failed to do so, and as a result the Superior Court determined that his excessive sentence claim was waived. VOP counsel's overall lapse, appellee claims, rendered his direct VOP appeal "doomed from its inception." Appellee's Brief at 10.

Appellee further contends that he is entitled to PCRA relief under both the *Strickland* actual prejudice standard and the presumed prejudice approach of cases such as *Commonwealth v. Hudson*, 336 Pa.Super. 174, 485 A.2d 487 (1984) and *Commonwealth v. Bronaugh*, 447 Pa.Super. 522, 670 A.2d 147 (1995). Appellee argues that although the presumed prejudice approach is appropriate here, he can also demonstrate actual prejudice arising from VOP counsel's lapse. With respect to *Strickland* actual prejudice, appellee disputes the relevance of the trial court's statement indicating that it would not have reduced the sentence if reconsideration had been sought. Appellee submits that the court's hindsight analysis demonstrates that the court based the sentence on what the court knew about itself rather than what it knew about appellee. Appellee further contends that, although Judge Means did say that he would not have altered the sentence, Judge Means could not possibly know what he would have done given the new factors he would have had to consider if appellee had sought reconsideration. Appellee goes on to suggest that he was subjected to "unwarranted and excessive punishment" and that the VOP court based the sentence on its "frustration" with him. Appellee contends that sentencing him in this manner was an abuse of discretion.

9. In addition to addressing the specific claim decided below, appellee argues that his VOP hearing counsel was ineffective for failing to request a pre-sentence investigation report and mental health reports, that there was no strategic reason for not requesting those reports, and that he was prejudiced because the trial court did not have all of the relevant information available on which to base his sentence. These distinct claims were not encompassed within this Court's grant of review, and the Superior Court did not pass upon them. We will not address the claims in the first instance, but leave them to the Superior Court upon remand.

Turning to the specific claim deemed meritorious by the Superior Court, appellee continues by noting that Superior Court precedent clearly requires that a sentence be vacated when the sentencing court fails to state the reasons for the sentence on the record. Appellee's Brief at 10 (citing *Commonwealth v. Carter*, 336 Pa.Super. 275, 485 A.2d 802 (1984) and *Commonwealth v. Pringle*, 304 Pa.Super. 67, 450 A.2d 103 (1982)). Appellee concedes that a sentencing judge is vested with broad discretion in fashioning a sentence, but he argues that the judge is required to consider the personal characteristics of the defendant and the nature of the offense and announce reasons for the sentence reflecting its understanding of relevant sentencing factors. When the reasons stated for the sentence are inadequate, appellee contends, vacatur and remand is required.

Appellee then alleges that his VOP counsel's failure to make any argument on his behalf at the sentencing hearing and his subsequent failure to file a motion to modify the sentence resulted in appellee not receiving consideration of his specific claims of error at the sentencing level and impeded his appellate prospects. Appellee also alleges that his appellate counsel was ineffective for failing to allege that VOP counsel was ineffective in failing to file a motion for reconsideration. Accordingly, appellee claims, he meets the requirements of the *Strickland* test as to both of his prior lawyers.

Turning to his alternative theory of presumed or *per se* prejudice, appellee likens his situation to that at issue in *Lantzy*, where the defendant requested a direct appeal but counsel did not file one. Appellee alleges that he instructed his VOP counsel to file for reconsideration and counsel did not do so, knowing that such failure would result in the waiver of appellate claims that needed to be preserved by such a motion. Appellee then argues that his VOP appeal counsel knew or should have known that his appeal could not succeed due to the procedural default, yet did not assert that VOP hearing counsel was ineffective. Appellee argues that the *per se* prejudice approach is appropriate in instances affecting the right to a meaningful direct appeal. When an error is not

preserved, as his current claim was not, appellee contends, the result is "tantamount to a refusal to file a direct appeal." Appellee's Brief at 20. Therefore, appellee argues, the presumed prejudice approach should apply when an attorney refuses to file a requested motion for reconsideration of a VOP sentence and a claim of merit is thereby defaulted.

Finally, appellee takes issue with the Commonwealth's claim that he was not prejudiced by counsel's lapse. Appellee contends that the prejudice he suffered was that his right to direct review of a discretionary aspect of sentencing was foreclosed. He further claims that, at a VOP sentencing where the violation has been conceded, the only reviewable issues involve the discretionary aspects of sentencing.

 Preliminarily, we must determine which test for ineffectiveness should apply: the *Strickland/Pierce* test, which requires a demonstration of actual prejudice, or the exception to *Strickland* recognized in *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), and applied in the *Lantzy* line of cases, which hold that in some instances prejudice may be presumed to arise from counsel's deficient conduct. To secure relief under *Strickland*, a defendant must plead and prove both that his "counsel's performance was deficient" and that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *see also Pierce*, 527 A.2d at 975. To prove prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.[10] To prevail upon a layered ineffectiveness claim subject to *Strickland:*

**10.** " 'To better focus the *Strickland* analysis, this Court has applied the performance part of the test by looking both to the arguable merit of the claim lodged against counsel as well as the objective reasonableness of the path taken, or not taken, by counsel.' " *Commonwealth v. Sneed*, 587 Pa. 318, 899 A.2d 1067, 1076 (2006) (quoting *Spotz*, 870 A.2d at 829–30 (further quotation omitted)).

 Thus, the constitutional ineffectiveness standard requires the defendant to rebut the presumption of professional competence by demonstrating that: (1) his underlying claim is of arguable merit; (2) the

> [A] petitioner must plead in his PCRA petition that his prior counsel, whose alleged ineffectiveness is at issue, was ineffective for failing to raise the claim that counsel who preceded him was ineffective in taking or omitting some action. In addition, a petitioner must present argument . . . on the three prongs of the *Pierce* test as to each relevant layer of representation.

*McGill,* 832 A.2d at 1023. Establishing a successful ineffectiveness claim respecting trial counsel satisfies the arguable merit prong of the *Pierce* test with respect to appellate counsel. *Commonwealth v. Rush,* 576 Pa. 3, 838 A.2d 651, 656 (2003).

On the same day that the U.S. Supreme Court decided *Strickland,* it also decided *Cronic.* *Cronic* recognized that in some cases, the prejudice inquiry of *Strickland* is not required because there are certain circumstances "that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." 466 U.S. at 658, 104 S.Ct. at 2046. *Cronic* suggested that where there has been a complete denial of counsel or where the circumstances are such that any competent attorney would be unable to provide effective assistance, a defendant need not demonstrate that he was prejudiced by counsel's actions. *Id.* at 659–62, 104 S.Ct. at 2047–48. The presumed prejudice exception to *Strickland* has been found to apply where there was an actual or constructive denial of counsel, the state interfered with counsel's assistance, or counsel had an actual conflict of interest. *See Robbins,* 528 U.S. at 287, 120 S.Ct. at 765.

Describing the presumed prejudice doctrine in *Commonwealth v. Cousin,* 585 Pa. 287, 888 A.2d 710, 717–20 (2005), this Court noted that:

> particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.
>
> *Id.* (citations omitted).

[T]he defining feature of all of these cases is that the acts or omissions of counsel were of the type that are virtually certain to undermine confidence that the defendant received a fair trial or that the outcome of the proceedings is reliable, primarily because they remove any pretension that the accused had counsel's reasonable assistance during the critical time frame. In this regard, it is worth noting that the portion of the *Cronic* decision explaining the theory underlying the concept of presumptive prejudice begins by observing that effective assistance is constitutionally guaranteed not for its own sake, but because of its effect upon the accused's ability to receive a fair trial.

*Id.* at 718. This Court has extended the presumption in Pennsylvania to instances where counsel's lapse ensured the total failure of an appeal requested by the client. *Id.* at 718 n. 12 (citing *Lantzy*, 736 A.2d at 571 (counsel failed to file requested direct appeal); *Halley*, 870 A.2d at 801 (counsel failed to file statement of matters complained of on appeal, leading to "waiver of all claims asserted on direct appeal")). *Accord Liebel*, 825 A.2d at 635 (counsel failed to file requested petition for allowance of appeal, thereby depriving client of right to seek discretionary review). In *Halley*, this Court stressed the fundamental difference between a lapse by counsel which leads to no review at all and one which merely narrows the review made available: "The difference in degree between failures that completely foreclose appellate review, and those which may result in narrowing its ambit, justifies application of the presumption [of prejudice] in the more extreme instance." 870 A.2d at 801.

Here, the VOP transcript reveals that counsel did not object at the hearing that the VOP court failed to state the reasons for its sentence, and the docket reveals that VOP counsel did not file a motion for reconsideration to belatedly raise that objection. These failures, however, did not operate to entirely foreclose appellate review of the decision to revoke probation and to recommit appellee to a term of imprisonment. As a matter of law, the failure to file for sentencing reconsideration—the specific lapse seized upon by the Superi-

or Court—does not waive any and all appellate issues; it waives only those claims subject to issue preservation requirements which were not otherwise already properly preserved. As a matter of fact, a direct VOP appeal was filed in the case *sub judice* and new counsel on that appeal raised a sentencing claim that had two separate but related parts: first, a procedural challenge to the VOP court's failure to recite on the record the reasons for imposing a sentence that exceeded the recommended ranges in the Sentencing Guidelines; and second, a claim that the sentence imposed was excessive. The panel addressed the first claim on the merits, but rejected it because the Sentencing Guidelines have no applicability to VOP sentences. *See* 204 Pa.Code. § 303.1(b) (Sentencing Guidelines do not apply to sentences imposed as result of revocation of probation); *Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa.Super.2006), *appeal denied*, 588 Pa. 788, 906 A.2d 1196 (2006); *Commonwealth v. Styles*, 812 A.2d 1277, 1279 (Pa.Super.2002). The excessive sentence claim, the panel held, was waived because appellee failed to preserve it by failing to lodge an objection in the VOP court or file a motion for reconsideration.

■■■■ Moreover, at the time the VOP appeal was litigated, this Court had not yet decided *Grant*, 572 Pa. 48, 813 A.2d 726, and thus new counsel had the opportunity and obligation to raise claims respecting the performance of VOP counsel, including claims that counsel defaulted viable sentencing issues. It is thus apparent that counsel's lapse did not deprive appellee of his right to appellate review; at most, his attorney's conduct at the trial level "narrowed the ambit" of the appeal new counsel pursued. *Cousin, supra*. As such, it is clear that *Cronic* does not apply, and appellee must satisfy the *Strickland/Pierce* actual prejudice standard.

Furthermore, we deem presumed prejudice to be inapplicable given the nature of the specific procedural claim that the Superior Court deemed VOP counsel ineffective for defaulting. The Superior Court faulted VOP hearing counsel for failing to seek to vindicate a Rule of Criminal Procedure, *i.e.*, Rule 708(C)(2), which states that the VOP sentencing judge "shall

state on the record the reasons for the sentence imposed." This Rule is not an end in itself, at least for the purposes of collateral attack. Requiring the VOP sentencing court to state the reasons for its sentence provides a procedural mechanism for the aggrieved party both to attempt to rebut the court's explanation and inclination before the sentencing proceeding ends, and to identify and frame substantive claims for post-sentence motions or appeal. The Rule creates a procedural right of immediate, contemporaneous complaint if no judicial explanation was forthcoming. In a preserved-issue, direct appeal context, if the aggrieved party contemporaneously objects to a failure to comply with the Rule, as it is supposed to, and the court responds by still refusing to state the reasons for the sentence in violation of the Rule, it is proper for the appellate court to remand for a new sentencing procedure, even in the absence of the aggrieved party identifying something substantively erroneous with the sentence.[11] Thus, in a direct review context, Rule 708 operates in a fashion which is not unlike *Cronic:* prejudice (or rather the absence of harmless error) will be presumed from the failure to comply.

Once a Rule 708 procedural complaint has been waived, however, and a derivative claim is raised under the guise of ineffective assistance of counsel, there is no reason to presume Sixth Amendment, *Strickland* prejudice from the VOP court's unobjected-to failure to comply with Rule 708. Derivative claims of ineffective assistance of counsel are analytically distinct from the defaulted direct review claims that were (or could have been) raised on direct appeal. *Commonwealth v. Collins,* 585 Pa. 45, 888 A.2d 564, 572–73 (2005). As noted, *Strickland* requires a showing of actual prejudice, not the presumed prejudice arising from *Cronic,* nor the harmless error standard that governs ordinary claims of trial court

---

**11.** It should be noted that such a remand does not mean the aggrieved party, be it the defendant or the Commonwealth, will secure a different sentence. So long as the sentence was not illegal, the VOP court is free to impose the very same sentence if supported with an adequate explanation. Those with experience in such matters recognize such a remand is often but a "Pyrrhic victory."

error on direct review, nor the presumption of harm arising on direct review of Rule 708 claims. This Court has long recognized the distinction between *Strickland* prejudice and the harmless error standard applicable in the direct review context, and this distinction can be outcome-determinative. *See, e.g., Commonwealth v. Howard*, 538 Pa. 86, 645 A.2d 1300, 1307 (1994). *Howard* is particularly instructive here as that case involved a claim (the failure to issue a no-adverse inference charge in light of the defendant's failure to testify) which this Court had held was not subject to harmless error analysis in the direct review context. *Howard* made clear, however, that when such a claim is raised on collateral attack under the guise of ineffective assistance of counsel, *Strickland* prejudice, and not the direct review presumption of harm, controls. A similar showing must be required here. To hold otherwise would encourage VOP sentencing defendants, who often have no legitimate substantive complaint since the proceeding emanates from a breach of the sentencing court's trust, to remain silent at sentencing, in the hopes of securing "automatic" relief on collateral review on mere procedural grounds.

Turning to the *Strickland/Pierce* inquiry, there are multiple deficiencies in the Superior Court's analysis. First, the panel clearly erred to the extent that it failed to account for the performance of VOP appeal counsel. *See Rush, supra; McGill, supra.* But that is not the Commonwealth's primary complaint; the Commonwealth focuses on the panel's analysis of VOP hearing counsel's performance.

The panel granted appellee sentencing relief because it found merit in his claim that VOP counsel was ineffective in failing to file a motion for reconsideration of sentence alleging that the VOP court violated Rule 708 by failing to state the reasons for the sentence on the record. It is clear from the transcript of the VOP hearing that Judge Means did not state the reasons for the specific sentence imposed. Indeed, the only comments made by the court were during an exchange with appellee that appeared to be concerned with the fact of the violation: *i.e.,* that appellee had been on the court's probation since 1997 and did not turn himself in when he stopped reporting to his probation officer. N.T. 12/18/03, at

2–3. In analyzing the claim of ineffective assistance, the first point worth noting is that counsel did not raise the Rule 708 objection at the hearing itself. The proper time for a Rule 708 objection, if one was to be made, was at the sentencing proceeding. The point of requiring contemporaneous objection is to afford the tribunal an opportunity to remedy the error or complaint immediately. Requiring contemporaneous objection when Rule 708 is implicated is particularly salutary because the best time for the court to explain its sentence is at the moment of imposition. The Commonwealth, however, does not press an argument concerning whether the Superior Court focused on the proper timing of the objection perhaps because the fact remains that counsel raised no objection at any time before the VOP sentencing judge. Counsel certainly had grounds and opportunity to forward a Rule 708 procedural objection, and thus, we agree with the panel below that appellee's underlying claim, if viewed broadly, has arguable merit.

The Superior Court, in determining whether VOP counsel had a reasonable basis for failing to seek reconsideration based upon Rule 708, accepted as fact appellee's allegation that counsel had been asked to seek reconsideration but had refused, and then found that the refusal was not designed to effectuate appellee's interest because it operated to default a meritorious sentencing claim on appeal. Appellee's allegation that counsel "failed and refused" to seek reconsideration appears to have been conceded by the Commonwealth below only for purposes of its motion to dismiss, a concession which was not unusual since the motion was based upon a theory that there was no prejudice as a matter of law. However, the Commonwealth's motion concluded with an "Answer" which stated that, "Defendant's factual allegations and claims for relief are specifically denied." Meanwhile, the PCRA court's analysis was limited to an examination of prejudice and thus it did not specifically address the question of reasonable basis. On such a record, where VOP hearing counsel was never heard from and there was no finding by the PCRA court, it was premature for the Superior Court to conclude or assume that counsel in fact was asked and refused to seek reconsider-

ation, and that counsel lacked a reasonable basis. The factual predicate necessary to the success of appellee's claim was something appellee would need to prove on a remand, in the event appellee could prove error in the PCRA court's dispositive legal finding of no prejudice.[12]

We turn now to the crux of the appeal, which is the panel's finding that the PCRA court erred in finding that appellee failed to prove *Strickland/Pierce* prejudice, that is, he failed to rebut the presumption of effectiveness by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. The Commonwealth argues that the Superior Court's prejudice analysis misses the mark because the panel improperly focused on the effect of counsel's inaction upon the VOP **appeal,** rather than looking to the outcome of the underlying VOP proceeding itself. The Commonwealth is correct. Although contemporaneous objections operate to preserve issues for appellate review, they serve an equally important function in **obviating** appeals by affording the trial court a timely opportunity to correct mistakes and/or to reconsider decisions. Whether VOP counsel can be deemed ineffective, then, depends upon whether appellee has proven that a motion to reconsider sentence, if filed (or more properly, a Rule 708 objection forwarded at the hearing itself), would have led to a different and more favorable outcome at VOP sentencing. In this context, the only way the proceeding would have been more favorable would be if counsel's objection secured a reduction in the sentence. The Superior Court panel erred as

12. We note that there may well be practical reasons why counsel (unless asked by the client) would not pursue a Rule 708 procedural objection. VOP proceedings are often short and to the point. A convicted defendant released into the community under such control of the sentencing judge, who violates the terms of his release and thereby betrays the judge's trust, is rarely in a strong position. Unless the defendant's lapses are explainable, or there has been some mistake in fact, the question of whether release will be terminated, and if so, the length of incarceration, rests peculiarly within the discretion of the VOP judge. In instances where parole is revoked, the reason for the revocation and sentence are usually obvious, and there is not much more that the judge would need to say.

a matter of law in failing to appreciate the actual focus of the *Strickland* prejudice inquiry.[13]

Proceeding to the appropriate prejudice inquiry, the Commonwealth asserts that the outcome is not debatable at this point because the PCRA judge, who, as noted previously, was the same judge who initially sentenced appellee and then revoked probation and imposed the VOP sentence, made clear in the PCRA proceedings that he would have imposed the same sentence, particularly given appellee's "horrendous reporting record." N.T., 8/22/03, at 12. We agree that appellee has failed to prove actual prejudice. On this record, there is no reason to believe that, if only counsel had asked for a statement of reasons for the sentence at the VOP proceeding, that statement of explanation alone would have led the court to reduce the sentence as well. Accordingly, we hold that the

13. The Dissenting Opinion, like the Superior Court, focuses on the effect of the failure to raise the Rule 708 objection upon appellee's prospects on direct appeal, and then relies upon the cases involving total defaults at the appellate level as if the situations were equivalent. There are multiple difficulties with this approach. If Rule 708 were designed as a trap for sentencing judges to be sprung by the aggrieved party for the first time on appeal, there might be something to this theory. But Rule 708 applies at sentencing. In virtually all cases, a timely Rule 708 objection at sentencing will remove Rule 708 as a viable appellate issue, since the court will respond with a record statement of reasons. And in a case such as this one, where appellee's proper sentencing exposure exceeded thirty to sixty years, but he received a sentence of only four to eight years, it is highly unlikely that anything the judge would say would reveal a substantive abuse of his VOP sentencing discretion. The proper initial focus in assessing prejudice is upon the proceeding where counsel defaulted the objection.

More importantly, the Dissent's novel theory of prejudice would cause *Cronic* to swallow *Strickland*. Trial level waivers almost always default claims for appeal. Furthermore, following *Grant*, almost all claims of ineffective assistance of counsel must be litigated only after direct review has failed to secure relief. Record-based claims of ineffectiveness always include an implicit element that the underlying defaulted claim is better than the failed claims litigated at trial and/or on direct appeal. If the Dissent's theory—that prejudice must be presumed from a trial waiver if the "best" prospective appellate claim was defaulted by counsel—then the *Strickland* test for prejudice disappears as to record-based claims. Nothing in the Sixth Amendment jurisprudence of the United States Supreme Court, or this Court, supports such a drastic extension of *Cronic* and elimination of *Strickland*.

Superior Court erred in granting sentencing relief in this case, where appellee failed to prove *Strickland/Pierce* prejudice arising from counsel's failure to pursue a Rule 708 objection.[14]

Our determination that the Superior Court erred in granting ineffectiveness relief on the basis of VOP counsel's failure to forward a Rule 708 procedural objection does not end the appeal. As we have noted, appellee's complaint concerning VOP counsel alleged multiple grounds involving the sentence imposed, not just the failure to object to the absence of a statement of reasons. Moreover, much of appellee's current argument focuses on disputing the VOP court's global finding that none of the sentencing grounds alleged, if raised in timely fashion, would have led it to impose a lesser sentence. *See* footnote 9, *supra.* Thus, for example, appellee argues that it is impossible for the PCRA hearing judge to say with certainty what he would have done if faced with focused advocacy at the appropriate time. Given its resolution of the Rule 708–based claim, the Superior Court did not pass upon these additional claims. Accordingly, we remand the matter to that court to consider appellee's remaining claims, reminding the court only that it must engage in a more precise analysis, and one that accounts for the layered nature of the ineffectiveness claims being pursued. We offer no view on the cognizability or merit of the claims.

For the foregoing reasons, we reverse the order of the Superior Court and remand for proceedings in accordance with this Opinion. Jurisdiction is relinquished.

Chief Justice CAPPY and Justice SAYLOR, EAKIN and BAER join the opinion.

Justice BALDWIN files a dissenting opinion in which Justice FITZGERALD joins.

14. Because appellee's underlying claim of VOP counsel ineffectiveness fails, his "layered" claim respecting VOP appeal counsel necessarily fails. *Commonwealth v. Edmiston*, 578 Pa. 284, 851 A.2d 883, 891 (2004) ("If the underlying (or 'nested,' to use the term employed in [*Commonwealth v.] Rush* ) claim of trial counsel ineffectiveness fails the *Strickland/Pierce* test, then the derivative claim of appellate counsel ineffectiveness necessarily fails.") (citing *McGill*, 832 A.2d at 1023).

Justice BALDWIN, dissenting.

A majority of this Court today holds that prejudice is not to be presumed when an attorney fails to object to a sentencing court's failure to follow mandatory sentencing procedures, and further fails to make a motion for reconsideration of that sentence.[1] Here, such failings by Appellee's counsel resulted in a record without an explanation for the harsh sentence imposed, and waiver of Appellee's only meritorious basis for appeal. I respectfully dissent because I find that the sentencing process was undermined by this ineffectiveness, and that the magnitude of Appellee's loss is great. I would affirm because I find that litigating the existence of prejudice is unjustified in a scenario such as this.

Nearly a quarter century ago, the United States Supreme Court explained that criminal defendants need not show that prejudice resulted from certain types of Sixth Amendment claims, where the reliability of the trial process was so undermined by counsel ineffectiveness. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). *Cronic* acknowledged the possibility of "circumstances that are so likely to prejudice the accused that the cost of litigating their effect ... is unjustified." *Id.* at 658, 104 S.Ct. at 2046.

The majority dismisses Appellee's argument that this is a matter of presumed prejudice by concluding that because other avenues of appellate review remained open, the right to appeal was not lost. In reliance upon language drawn from *Commonwealth v. Halley*, 582 Pa. 164, 870 A.2d 795 (2005), the majority finds that "counsel's lapse did not deprive [A]ppellee of his right to appellate review; at most, his attorney's conduct at the trial level 'narrowed the ambit' of the appeal new counsel pursued." Majority op. at 150, 923 A.2d at 1129. Here, the majority acknowledges that Appellee lost the right to direct appeal of the only meaningful issue in his case—and yet dismisses Appellee's position that he has suffered a species of presumed prejudice. Where the ambit is narrowed, however, to a degree that effectively forecloses all meaningful re-

---

1. It appears that Appellee *asked* his attorney to make a motion for reconsideration.

view, presumed prejudice should be available. This may be an example of the proverbial forest and trees. Appellee lost the right to appeal the only issue having merit.

The majority opinion suggests that precedent from this Court has only "extended" application of presumed prejudice "to instances where counsel's lapse ensured the total failure of an appeal requested by the client." Majority op. at 149, 923 A.2d at 1128. The majority's characterization of this Court's past holdings as extensions of *Cronic* is unfortunate because, read closely, they are cases in which application of *Cronic* was appropriate on their facts. No extension beyond *Cronic* was made. While it appears that appellate review of all issues was lost due to counsel ineffectiveness in *Commonwealth v. Liebel,* 573 Pa. 375, 825 A.2d 630 (2003), *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999), and *Halley,* there is no language in any of these cases limiting the holdings so narrow-ly.[2] Yet, whether the loss of appellate rights was a total loss was not the basis, as the majority suggests, for the provision of presumed prejudice in those cases. Rather, we explained in *Liebel* that, just as in *Lantzy,* presumed prejudice existed because counsels' failings amounted to a wholesale denial of counsel, "which establish[ed] that the truth-determining process has been undermined...." *Liebel,* 573 Pa. at 384, 825 A.2d at 635–36.

Given our past emphasis on the effect on the fairness of the process, I disagree with the majority's election to dispose of the presumed prejudice argument in this case by placing primary importance upon the following language from *Halley:* "The difference in degree between failures that completely foreclose appellate review, and those which may result in narrowing its ambit, justifies application of the presumption in the more extreme instance." Majority op. at 149, 923 A.2d at 1128, citing *Halley,* 582 Pa. at 173, 870 A.2d at 801. This Court has not defined how narrow that ambit must be before presumed prejudice becomes available.

**2.** As discussed below, *Halley* addressed the loss of "all claims asserted" on direct appeal resulting from counsel's failure to file a Rule 1925(b) statement of matters complained of on appeal.

Although the "difference in degree" discussed in *Halley* justified the holding in that case, I do not read *Halley* as further holding that presumed prejudice is, *ipso facto*, unavailable simply because any other appellate issue remained. Rather than insisting upon a total loss of all avenues of appellate review, I find that *Cronic*, and the related precedent from this Court, suggest that where what is lost is of a magnitude that is virtually certain to undermine confidence that the proceedings were fair, presumed prejudice should be available.

Despite what the Commonwealth argues, and the majority holds, the United States Supreme Court has been clear that the determination as to whether presumed prejudice applies does not stem from a determination that all avenues of appellate review were lost. Rather, it "turns on the *magnitude of the deprivation* of the right to effective assistance of counsel." *Roe v. Flores–Ortega*, 528 U.S. 470, 482, 120 S.Ct. 1029, 1037, 145 L.Ed.2d 985 (2000) (holding that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal.") (emphasis added). Indeed, *we noted this* in *Halley*. *Halley*, 582 Pa. at 172, 870 A.2d at 801 (citing *Flores–Ortega*, and holding that it is well established that the existence of presumed prejudice is tied to the magnitude of the deprivation). In this case, Appellee lost all appellate review of his only meaningful issue. A conclusion that Appellee was not foreclosed from all appellate review by pointing out that Appellee could have raised other issues, such as a challenge to the legality of the sentence, ignores the magnitude of what Appellee lost, disserves the spirit of the right to counsel, and fails to comport with precedent. From the instant Appellee's perspective, the magnitude of this loss could hardly be any greater.

I also note that, in *Halley*, appellate review of the claims *asserted* was lost. "[T]he failure to file a [Pa.R.A.P.] 1925(b) statement on behalf of a criminal defendant seeking to appeal his conviction and/or sentence, resulting in a waiver of *all*

*claims asserted* on direct appeal, represents the sort of actual or constructive denial of assistance of counsel falling within the narrow category of circumstances in which prejudice is legally presumed." *Id.* at 173, 870 A.2d at 801. Thus, in *Halley,* we focused our finding of presumed prejudice on the waiver of "all claims asserted." This is in contrast to the majority's dismissal of the presumed prejudice argument here by insisting that fewer than all *available* avenues of review were foreclosed by counsels' inaction.

Given the magnitude of the loss suffered by Appellee, and the indefensible failings of his counsel, I cannot agree that the instant case can be distinguished from cases in which we found prejudice to be presumed. This conclusion is not novel, and it would not open the door to any new species of presumptive prejudice. It is an even more "modest" and less "incremental" step than that which we made in *Halley.* Rather, it is recognition that denial of appellate review has been protected by this presumption in the past. Here, Appellee was constructively denied the effective assistance of counsel, and therefore suffered presumed prejudice, because his attorneys' inaction resulted in the loss of all *meaningful* appellate review. His attorney said not a single word during the sentencing hearing. What was originally an eleven-and-one-half to twenty-three month term of incarceration with a two-year probationary period evolved into a four to eight year term of incarceration.

After concluding that presumed prejudice should not apply in this matter because all avenues of appellate review were not lost, the majority takes what I find to be an additional, unnecessary step and insists that counsels' inaction following the sentencing court's failure to adhere to the requisites of Rule 708 is not an appropriate basis for application of presumed prejudice because such a "[r]ule is not an end in itself, at least for purposes of collateral attack." Majority op. at 151, 923 A.2d at 1129. The majority's further discussion of Rule 708, I feel, is dicta that serves only to undermine precedent in this area.

Rule 708's requirement that a judge state the reasons for Appellee's sentence on the record is, of course, not an end in

itself. Rather, like the argument raised in *Liebel* regarding counsel's failure to comply with the Rules of Appellate Procedure that circumscribe the process for seeking discretionary review by this Court, the argument raised here does not simply seek adherence to a procedural rule for the rule's sake. The process is necessary to ensure the fairness of the sentence, and to create a record for subsequent appellate review. I fail to see a material distinction between the claim raised here and that at issue in *Liebel*, where this Court restored the direct appeal right to file a rule-based petition for allowance of appeal on collateral review. In both *Liebel* and the instant matter, no constitutional right was implicated by the *procedural mechanism* at issue. Yet, the logic employed in *Liebel* is perfectly applicable here. In *Liebel* we said, "only by [operation of Pa.R.A.P. 1114] can a petitioner avail himself of the opportunity to have this Court at least consider whether his claims warrant our review and if so, whether those claims ultimately entitle him to relief." *Liebel*, 573 Pa. at 384, 825 A.2d at 635. I discern little difference between our analysis in *Liebel* and the reasoning behind Appellee's rule-based right to application of Pa.R.Crim.P. 708(C)(2). While the majority's characterization of the Rule 708(C)(2) procedural mechanism is accurate, the further deduction that presumed prejudice is therefore inapplicable fails to reconcile this Court's prior willingness, in *Liebel*, to find prejudice in the context of a purely rule-based, i.e. non-constitutional, deprivation.

Does the majority opinion today foreclose application of presumed prejudice in any collateral review context in which the procedural rule at issue is not tied to a constitutional right, even in situations where, as the majority insists, all avenues of appellate review are lost? [3,4] The potential for the exercise of

---

**3.** In *Commonwealth v. Lassiter*, 554 Pa. 586, 722 A.2d 657 (1998) (Opinion Announcing the Judgment of the Court), decided some five years before *Liebel*, this Court denied relief for want of prejudice where there was no question that counsel failed to properly advise appellant related to the right to trial by jury. Mr. Justice Saylor, in dissent, acknowledged his view that deprivations of such constitutionally-guaranteed rights require a presumption of prejudice without commenting that no such presumption is appropriate in a non-constitutional claim. I note this because the majority opinion here emphasizes that presumed

unbridled discretion by a sentencing court, without explanation for the sentence given, which results from the majority's focus on procedure leads, in my view, to very substantive problems.

I further reject the majority's speculation that "VOP sentencing defendants, who often have no legitimate substantive complaint since the proceeding emanates from a breach of the sentencing court's trust," would remain silent at sentencing rather than insist that the court state the reasons for its sentence on the record, "in the hopes of securing 'automatic' relief on collateral review on mere procedural grounds." Majority op. at 152, 923 A.2d at 1130. This is unnecessary for at least three reasons.

First, the majority is without reason to suggest that no legitimate substantive complaints about VOP sentences imposed will arise simply because, in order to get to such a VOP

prejudice is inapplicable where the deprivation at issue is a procedural claim. Majority op. at 151, 923 A.2d at 1129.

4. I also specifically distance myself from Footnote 12 of the Majority Opinion. The majority speculates that there are practical reasons for not pursuing a Rule 708 objection, including the short length of violation of probation (VOP) hearings, the defendant's weak position as a litigant in such hearings, and the vast discretion bestowed upon the court to impose sentence. Although it is obvious that a defendant's disadvantage at VOP hearings is frequently a result of his own actions, and that a sentencing court is vested with wide discretion in fashioning an appropriate sentence for those actions, the exercise of that discretion is quite simply not immune from review. The defendant has a right to explain to the sentencing court why the sentence imposed is not appropriate, and to appeal the exercise of that discretion to the appellate courts. Where the sentencing court abuses its discretion, the defendant may gain relief. Thus, beyond Judge Means' assertion that he would have issued the same sentence one way or the other, Appellee was denied the benefit of the other purpose of Rule 708, which is to provide the appellate court with a record upon which it may assess the efficacy of the sentencing court's exercise of its discretion. Whether the defendant chooses to forgo that right is his decision and may be determined following the hearing. In my view, the unlikelihood of a successful challenge to the discretionary aspects of the sentence at the hearing, or on reconsideration, does not provide a reason to fail to preserve appellate review of those aspects of the sentence. An attorney's obligation is to preserve his or her client's rights. Together, attorney and client may well decide against raising an appeal, but at least the option to do so remains.

sentencing hearing, a defendant must have already violated the court's trust in disregarding the terms of the probation. One mistake does not justify another. Judges, like persons on probation, may make a bad decision. The underlying probation violation and the exercise of judicial discretion related to the sentencing that follows are subject to mutually exclusive analyses. Second, the majority suggests that adopting Appellee's argument would lead to the availability of some sort of nebulous "automatic" relief. To be clear, the relief available would simply be a sentencing proceeding that comports with the Rules established by this Court.[5] No windfall would result. No finding of presumed prejudice here would somehow result in reassessment of the underlying probation violation finding. Finally, I find it unlikely that any sentencing defendant would do as the majority suggests and calculatedly remain silent upon realizing that his VOP sentencing judge has failed to state the reasons for the sentence on the record in order to gain yet another sentencing hearing.

I fear that the majority has lost sight of the stated reason behind the initial recognition of presumed prejudice, and that today's holding eases further down the road to rendering this valuable concept ineffectual. Although the effective assistance of counsel is not an end in itself, our criminal justice system requires effective assistance of counsel "because of the effect it has on the ability of the accused to receive a fair trial." *Cronic*, 466 U.S. at 658, 104 S.Ct. at 2046. Presumed prejudice cases present such clear examples of unfair proceedings that litigating the issue is not worth the expense. It is important to preserve the spirit of the words chosen by Justice Stevens, in *Cronic*, to explain the paramount nature of an accused's right to effective counsel: "Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive for it affects his ability to assert

5. The official Comment to Rule 708 specifically warns attorneys that, "[i]n deciding whether to move to modify sentence, counsel must *carefully consider* whether the record created at the sentencing proceeding is adequate for appellate review of the issues, or the issues may be waived." Pa.R.Crim.P. 708, Comment (emphasis added).

any other rights he may have." *Id.* at 653–54, 104 S.Ct. at 2044–45.

A criminal defendant should not be made to pay for the ineffectiveness of attorneys who fail to read the applicable rules of procedure, raise obvious challenges to questionable exercises of discretion, or seek reconsideration of apparently harsh sentences unsupported by record explanation. Restoration of appellate rights is the proper remedy where a defendant has been deprived of appellate review because of ineffective assistance of counsel. *Halley,* 582 Pa. at 171, 870 A.2d at 801; *Liebel,* 573 Pa. at 385, 825 A.2d at 636. Therefore, I would affirm the order of the Superior Court and remand the matter to the sentencing court so that Appellee may raise his challenge to the sentence issued. I respectfully dissent.

Justice FITZGERALD joins this dissenting opinion.