J-S35041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

ROSS JARED SEGREAVES

Appellant

:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 2278 EDA 2019

Appeal from the PCRA Order Entered July 8, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001443-2018

BEFORE: BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED OCTOBER 21, 2020**

Appellant, Ross Jared Segreaves, appeals from the order of Court of
Common Pleas of Northampton County (trial court) that denied his petition for
relief pursuant to the Post Conviction Relief Act (PCRA).[1] After careful review,
we affirm, although on different grounds than the trial court.[2]

On June 1, 2018, Appellant entered a guilty plea to first-degree
misdemeanor stalking[3] and was sentenced to 3 to 6 months' imprisonment

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] We may affirm a trial court's decision on any valid basis, even if those
grounds are not the same as those on which the trial court based its decision.
***Commonwealth v. Janda***, 14 A.3d 147, 161 n.8 (Pa. Super. 2011);
***Commonwealth v. Kemp***, 961 A.2d 1247, 1254 n. 3 (Pa. Super. 2008).

[3] 18 Pa.C.S. § 2709.1(a)(2).

followed by 24 months' probation. Sentencing Order, 6/1/18. The victim was Appellant's estranged wife (Victim) and the plea was based on Appellant's texting her between February 11, 2018 and February 27, 2018 over 20 times a day. Amended Criminal Information. A protection from abuse order (PFA) prohibiting Appellant from having contact with the Victim had been entered on November 18, 2016 and was in effect at the time of Appellant's conduct. Trial Court Opinion at 2. Between November 18, 2016 and April 13, 2018, Appellant had been found guilty of four charges of criminal contempt for violating the PFA in that separate case (the PFA case). *Id.* at 2-5. Appellant was prohibited as a condition of his probation in this case from having any contact with the Victim. Sentencing Order, 6/1/18.

Prior to January 18, 2019, the trial court found Appellant guilty on four additional charges of criminal contempt in the PFA case and sentenced him to consecutive terms of 6 months' imprisonment for each of the contempt convictions. Trial Court Opinion at 6; N.T., 1/18/19, at 2. On January 18, 2019, the trial court held a hearing pursuant to *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) at which it revoked Appellant's probation and sentenced him to 2 to 4 years' imprisonment consecutive to the contempt sentences. Sentencing Order, 1/18/19; N.T., 1/18/19, at 9-10, 25. The evidence on which the trial court based Appellant's revocation of his probation sentence included a text by Appellant to his mother threatening to buy a gun and shoot Victim and himself and his sending of over 60 text messages to Victim. N.T.,

1/18/19, at 14, 19-20. Appellant did not file an appeal from the sentence in this case or an appeal from any of the contempt sentences.

After the appeal period expired, Appellant filed a timely PCRA petition in this case and the PFA case in which he asserted claims that counsel who represented him with respect to both the most recent contempts and the revocation of probation (trial counsel) was ineffective because he failed to file an appeal and failed to offer medical evidence concerning Appellant's mental illness for sentencing mitigation. Amended PCRA Petition ¶9.[4] The trial court held a hearing on the PCRA petition on May 30, 2019, at which both trial counsel and Appellant testified.

Trial counsel testified that he spoke to Appellant after the contempt and revocation of probation sentencings, that Appellant requested that he file an appeal, and that he advised Appellant that an appeal would be frivolous. N.T., 5/30/19, at 7-8, 17-20. Trial counsel also testified that Appellant wanted to appeal even after receiving this advice:

> Q. … Did [Appellant] ever tell you that he disagreed with what you were doing and wanted you to do otherwise?
>
> A. I mean, he continued to ask for a Superior Court appeal. … He kept on going Superior Court appeal. I kept on saying it's not an option that's going to be successful. …

_____

[4] While the Appellant's original PCRA petition not appear in the record or on the docket in this case, Appellant's Amended PCRA Petition is on the docket and in the record. The Amended PCRA Petition was filed in this case on April 25, 2019, less than four months after the revocation of probation sentence, and is therefore a timely PCRA petition, even if no prior PCRA petition was filed in this case.

*Id.* at 19-20. Appellant testified that trial counsel's testimony concerning the filing of an appeal was accurate. *Id.* at 30-31.

Appellant's PCRA counsel represented to the trial court at the PCRA hearing that the claim with respect to the failure to appeal was limited to failure to appeal the contempt sentences in the PFA case and that there was no claim for failure to appeal the revocation of probation sentence. N.T., 5/30/19, at 13. When asked by the trial which PCRA claims Appellant was raising in the PFA case and this case, Appellant's counsel stated the following to the court:

> THE COURT: So help me understand the standard then. You allege two errors on the part of [trial counsel], failure to file a notice of appeal to the Superior Court from the judgment of sentence in the contempt; correct?
>
> [Appellant's Counsel]: Correct.
>
> THE COURT: Not on the Gagnon.
>
> [Appellant's Counsel]: Correct.
>
> THE COURT: Then you also – the second error was failure to offer medical information relative to [Appellant's] mental health?
>
> [Appellant's Counsel]: That counsel at the violation hearing had failed to offer pertinent medical evidence that would be material to sentencing.

*Id.*

With respect to the claim that trial counsel was ineffective for failure call medical witnesses, trial counsel testified that he spoke briefly with Appellant concerning his doctors but did not attempt to obtain any medical testimony

- 4 -

for the probation revocation and sentencing. N.T., 5/30/19, at 11, 16-17.

Appellant testified that he told counsel about his mental illness and treatment.

*Id.* at 41-42. Appellant's PCRA counsel did not call any of Appellant's

physicians to testify at the PCRA hearing or proffer any affidavits or other

evidence from any of the physicians as to what evidence they would have

given if they had been called to testify at the revocation hearing and

sentencing. *Id.* at 12-16, 27-28.

On July 8, 2019, the trial court denied Appellant's PCRA petition. The

trial court concluded that Appellant had not shown ineffective assistance of

counsel with respect to the failure to appeal because trial counsel concluded

that there were no meritorious issues to appeal and Appellant did not show

what issues he believed should have been raised in an appeal. Trial Court

Opinion at 11. The trial court rejected Appellant's claim with respect to the

failure to call medical witnesses on the ground that Appellant failed to show

what evidence the medical witnesses would have provided and that Appellant

therefore did not show that trial counsel was ineffective in this regard. *Id.*

This timely appeal followed.

Appellant presents two issues for our review:

1. By failing to file a direct appeal following the imposition of judgement [*sic*] of sentence despite having been instructed to do so by the defendant, did counsel's act or omission "so undermine the truth-determining process that no reliable adjudication of guilt or innocense [*sic*] could have taken place"?

2. By failing to obtain expert witnesses at sentencing to demonstrate the potential of mental illness for sentencing

- 5 -

mitigation, did counsel's act or omission "so undermine the truth-determining process that no reliable adjudication of guilt or innocense [*sic*] could have taken place"?

Appellant's Brief at 7 (unnecessary capitalization omitted). We review the trial court's denial of Appellant's PCRA petition to determine whether the record supports the trial court's findings and whether its decision is free of legal error. ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015); ***Commonwealth v. Reaves***, 923 A.2d 1119, 1124 (Pa. 2007).

In his first issue, Appellant contends that the trial court erred in rejecting his claim that trial counsel was ineffective for failure to file a requested appeal. Although this is an ineffective assistance of counsel claim, the proof required for a claim of failure to file an appeal is not the same as is required for most ineffective assistance of counsel claims. ***Reaves***, 923 A.2d at 1127-28.

A defendant has an absolute right to appeal, even if counsel believes that the appeal would be frivolous. ***Commonwealth v. Wilkerson***, 416 A.2d 477, 479 (Pa. 1980); ***Commonwealth v. Bronaugh***, 670 A.2d 147, 149 (Pa. Super. 1995). If counsel believes that the appeal is frivolous and the defendant nonetheless wishes to appeal, counsel's responsibility is to file the appeal and file an ***Anders*** brief[5] and petition the court for leave to withdraw. ***Wilkerson***, 416 A.2d at 479; ***Bronaugh***, 670 A.2d at 149. Accordingly, where counsel fails

---

[5] ***Anders v. California***, 386 U.S. 738 (1967).

> to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of [the PCRA]. Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

***Commonwealth v. Lantzy***, 736 A.2d 564, 572 (Pa. 1999) (footnote omitted). The trial court therefore erred in holding that Appellant was required to show what issues would have been raised on appeal and that those issues had merit or any likelihood of success.

We nonetheless conclude that the trial court did not err in denying PCRA relief because Appellant did not seek PCRA relief from the revocation of probation sentence in this case on this ground. Two separate cases were the subject of Appellant's PCRA petition and the PCRA hearing, this case and the PFA case. The testimony at the PCRA hearing was ambiguous as to whether Appellant requested that trial counsel appeal only the contempt sentences in the PFA case or whether Appellant also requested that trial counsel file an appeal in this case. PCRA counsel, however, specifically represented to the trial court that Appellant's claim of ineffective assistance of counsel for failure to file an appeal was asserted only in the PFA case and that Appellant was not asserting any claim of failure to file a requested appeal in this case. N.T., 5/30/19, at 13. Because Appellant asserted no claim in this case for PCRA

- 7 -

relief based on failure to file an appeal, the trial court's error is only in the PFA case, which is not before us in this appeal, and is therefore not grounds for reversing the denial of PCRA relief in this case.

Appellant in his second issue contends that the trial court erred in denying his claim that the he received ineffective assistance of counsel with respect to his revocation of probation sentencing because trial counsel failed to call medical witnesses to provide mitigation evidence, even though trial counsel knew of Appellant's mental illness and treatment. This claim also fails.

To be entitled to relief on this PCRA claim of ineffective assistance of counsel, Appellant was required to prove: (1) that the underlying legal claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Mason*, 130 A.3d at 618; *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018); *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). Appellant was required to satisfy all three elements of this test to obtain relief under the PCRA; failure to prove any one of these elements defeats his claim. *Mason*, 130 A.3d at 618; *Stewart*, 84 A.3d at 706.

Appellant's claim of failure to call medical witnesses was without merit because Appellant did not show that he suffered prejudice. To satisfy the prejudice element of an ineffective assistance of counsel claim, the convicted defendant must show that there is a reasonable probability that, but for

counsel's error, the result of the proceeding would have been different. ***Mason***, 130 A.3d at 618; ***Reaves***, 923 A.2d at 1127; ***Stewart***, 84 A.3d at 707. Where, as here, trial counsel's error is a failure to provide proper representation with respect to the defendant's sentencing, the prejudice element requires that the defendant show a reasonable probability that the action that counsel failed to take would have resulted in a more favorable sentence. ***Reaves***, 923 A.2d at 1131-32; ***Presley***, 193 A.3d at 444-45.

Here, Appellant did not show that there was any reasonable probability that expert testimony concerning Appellant's mental illness would have resulted in a different sentence. At the PCRA hearing, Appellant did not introduce any evidence as to what that testimony would have been. Appellant did not call any medical witness to testify at the PCRA hearing or proffer any evidence as what medical testimony could have been provided before sentencing if trial counsel had investigated and called expert witnesses. N.T., 5/30/19 at 12-16, 27-28. Moreover, the fact that Appellant had mental health issues was known to the trial court when it imposed the revocation of probation sentence. N.T., 1/18/19, at 2, 8-9, 15-25. Because Appellant did not show that expert testimony would have provided the trial court with any additional information that could affect its determination of an appropriate sentence, he did not satisfy his burden of showing that counsel's failure to call expert witnesses prejudiced him and the trial court properly denied this PCRA claim.

For the foregoing reasons, we conclude that the trial court did not err in denying Appellant's PCRA petition in this case. We therefore affirm.

Order affirmed.

Judge Stabile joins the Memorandum.

Judge Bowes files a Concurring Memorandum in which Judge Stabile and Judge Colins join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2020