J-S18006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PHILIP BURNETT, | |
| Appellant | No. 2451 EDA 2013 |

Appeal from the PCRA Order Entered August 2, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014531-2007

BEFORE: BENDER, P.J.E., ALLEN, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED MARCH 27, 2015**

Appellant, Philip Burnett, appeals from the post-conviction court's August 2, 2013 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. On appeal, Appellant presents one claim of ineffective assistance of counsel (IAC). We affirm.

The PCRA court set forth the procedural history of Appellant's case, as follows:

> In March 2008, [A]ppellant entered a guilty plea before this [c]ourt to [p]ossession of a [c]ontrolled [s]ubstance with [i]ntent to [d]eliver. Appellant was purportedly found with 81 packets of crack cocaine in his vehicle. [] [A]ppellant was sentenced to a term of one year intermediate punishment served predominately in a residential drug and alcohol treatment program, followed by a consecutive term of two years['] probation. On January 7, 2009, [A]ppellant was arrested for and ultimately convicted of [b]urglary, [r]obbery and conspiracy for,

*inter alia*, forcing his way into a female victim's home and robbing her at gunpoint in front of her three young children.

This [c]ourt revoked [A]ppellant's] probation and sentenced him to a term of imprisonment of three (3) to six (6) years and stating as follows:

> The Court: "All right [Appellant], I am sure I told you when I placed you into the Intermediate Punishment Program to stay out of trouble. And, in fact, I am looking at my notes and when I put you in the Program, you already had a mandatory case and you were given a break by being placed into the Program.
>
> Obviously, you did not take advantage of any of this. Therefore, I am going to revoke your probation. I am going to sentence you to 3 to 6 years and that is to run consecutive to whatever you are serving." (***See*** N.T. 10/7/09, p. 5)

On April 19, 2010, Appellant filed a *pro se* PCRA petition…. Counsel was ultimately appointed and filed an [a]mended [p]etition. The Commonwealth [r]esponded. This Court, after evaluation and review, denied Appellant[] [r]elief and [d]ismissed the PCRA [p]etition on August [2], 2013[,] … without a [h]earing.[1] … Appellant filed his [n]otice of [a]ppeal to the Superior Court on August 29, 2013. A [s]tatement of [m]atters [c]omplained of on [a]ppeal pursuant to Pa.R.A.P. 1925(b) was timely filed on May 28, 2014.

PCRA Court Opinion (PCO), 7/21/14, at 1-3 (emphasis omitted).

On appeal, Appellant raises the following question for our review: "Did the Honorable PCRA Court err when it dismissed [Appellant's] Amended PCRA Petition without a hearing, and all where [Appellant] properly pled,

---

[1] We note that the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition on May 17, 2013.

and could have proved, that he was entitled to relief as the result of counsel's ineffectiveness?" Appellant's Brief at 3.

Before addressing the specifics of Appellant's argument, we note that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa. 1997) (citing **Commonwealth v. Travaglia**, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner presents an IAC claim, our Supreme Court has stated that:

> To establish ineffective assistance of counsel, a petitioner must demonstrate, by a preponderance of the evidence, that: (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. **Commonwealth v. Chmiel**, 612 Pa. 333, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from **Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973, 975–76 (Pa.1987)). If a petitioner fails to satisfy any prong of the ineffectiveness inquiry, a claim of ineffective assistance of counsel will be rejected. **Commonwealth v. Sattazahn**, 597 Pa. 648, 952 A.2d 640, 653 (Pa.2008) (citation omitted).

**Commonwealth v. Eichinger**, 2014 WL 7404546, at *4 (Pa. Dec. 31, 2014) (footnote omitted).

In Appellant's PCRA petition, he asserted that the attorney who represented him during the violation of probation (VOP) proceedings acted ineffectively by not filing a motion for reconsideration of Appellant's VOP

- 3 -

sentence of 3 to 6 years' incarceration, despite Appellant's request that counsel do so. Appellant maintained that counsel's failure in this regard constituted *per se* ineffectiveness, similar to when counsel fails to file a requested direct appeal on a defendant's behalf. ***See Commonwealth v. Lantzy***, 736 A.2d 564, 572 (Pa. 1999) (holding "that, where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys" and, therefore, "the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal"). Proceeding under the ***Lantzy*** '*per se* ineffectiveness' standard, Appellant did not explain in his PCRA petition what claims he would have presented in a motion for reconsideration of his sentence, or argue why the VOP court would have granted that motion and imposed a more favorable term of incarceration.

In rejecting Appellant's IAC claim, the PCRA court concluded that Appellant *did* have to satisfy the three-pronged ***Pierce*** test, "including demonstrating that any foregone motion had merit, and that defendant was prejudiced by counsel's inaction, *i.e.*, that a motion to reconsider sentence likely would have been granted if filed." PCO at 4 (citation omitted). Because Appellant made no attempt to meet this burden, the PCRA court denied his petition for post-conviction relief.

We ascertain no error in the PCRA court's decision. Our Supreme Court has expressly rejected applying the ***Lantzy*** *per se* ineffectiveness

standard to a claim that VOP counsel erred by not filing a motion for reconsideration of sentence. *See Commonwealth v. Reaves*, 923 A.2d 1119, 1127-1129 (Pa. 2007). The *Reaves* Court concluded that to prove such an IAC claim, the petitioner must satisfy the three-pronged *Pierce* test, including demonstrating 'actual prejudice.' *Id.* at 1129. In other words, the petitioner must show "that a motion to reconsider sentence, if filed …, would have led to a different and more favorable outcome at VOP sentencing." *Id.* at 1131-1132.

Again, Appellant made no attempt in his PCRA petition to explain what claim(s) he would have raised in a motion to reconsider his sentence, or argue why the VOP court would have granted such a motion and imposed a more favorable sentence. Appellant also fails to provide any such discussion in his brief to this Court. Therefore, we conclude the PCRA court did not err in denying his IAC claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2015

- 5 -