J-S18002-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GREGORY DALTON | |
| Appellant | No. 541 WDA 2017 |

Appeal from the Judgment of Sentence imposed March 14, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0010917-2011

BEFORE:  STABILE, J., MUSMANNO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    FILED JUNE 25, 2018

Appellant, Gregory Dalton, appeals from the judgment of sentence imposed on March 14, 2017 in the Court of Common Pleas of Allegheny County following revocation of his probation.  Appellant contends the trial court failed to consider and apply all relevant sentencing criteria.  We disagree and, therefore, affirm.

In its Rule 1925(a) opinion, the trial court provided the following synopsis of the facts underlying this case:

> [I]n the early morning hours of August 9, 2011, [Appellant] was a guest at the home of Shane Anderson on Tioga Street in the Homewood section of the City of Pittsburgh.  The adults were engaged in drug activity including crack cocaine and marijuana, while Anderson's two (2) children, ages one (1) and three (3) slept on a mattress in another room.  At some point [Appellant] went into the room where the children were sleeping and went to sleep, leaving his loaded handgun on the bed.  At approximately 1 a.m.,

Zymiere (3-years old) awoke, got ahold of [Appellant's] gun and shot himself in the head.

Rule 1925(a) Opinion, 11/1/17, at 2.

As reflected in the procedural history provided by the court, Appellant was charged with involuntary manslaughter, carrying a firearm without a license, and recklessly endangering another person (REAP).[1] Id. at 1. On January 12, 2012, he entered into a guilty plea to involuntary manslaughter and REAP. The firearms charge was withdrawn. Id. The trial court sentenced him to a term of probation of five years. Appellant did not file post-sentence motions or a direct appeal. Id. at 2.

> No further action was taken until January 14, 2014, when [Appellant] appeared before this court for a probation violation hearing, having been convicted of false identification to law enforcement []. At the conclusion of the hearing, this court continued [Appellant's] probation. Again, no post-sentence motions were filed and no direct appeal was taken.
>
> [Appellant] next appeared before this court on March 14, 2017 for a probation violation hearing, having been convicted of simple assault [] and of criminal mischief and disorderly conduct []. At the conclusion of the hearing, this court revoked [Appellant's] probation and imposed a term of imprisonment of two and one half (2½) to five (5) years. Timely post-sentence motions were filed and were denied on April 11, 2017. This appeal followed.

Id. (some capitalization omitted).

_____

[1] 18 Pa.C.S.A. §§ 2504(a), 616(a)(1), and 2705, respectively. We note that Appellant, whose date of birth is March 9, 1993, was eighteen years of age at the time of Zymiere's death.

- 2 -

Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant asks us to consider one issue on appeal:

I.   Did the trial court fail to consider and apply all of the relevant sentencing criteria, including the protection of the public, the gravity of the offense/violation, and especially [Appellant's] character and rehabilitative needs, as required under 42 Pa.C.S.A. § 9721(b) (sentencing generally; general standards)[?]

Appellant's Brief at 5.   As such, Appellant presents a challenge to the discretionary aspects of his sentence.

"A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right."   Commonwealth v. Grays, 167 A.3d 793, 815 (Pa. Super. 2017) (citation omitted).   Before we can reach the merits of a discretionary aspects challenge,

> [w]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Id. at 815-16 (quoting Commonwealth v. Evans, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted)).   Here, Appellant filed a timely notice of appeal, preserved the issue in his post-sentence motions, and included a statement in compliance with Pa.R.A.P. 2119(f).   Therefore, we must determine whether Appellant has presented a substantial question that his sentence is not appropriate under the Sentencing Code.   "The determination

of what constitutes a substantial question must be evaluated on a case-by-case basis." Commonwealth v. Caldwell, 117 A.3d 763, 768 (Pa. Super. 2015) (en banc) (citation omitted).

Appellant contends he has raised a substantial question because a claim of an excessive sentence, combined with an allegation the trial court did not consider mitigating factors, presents a substantial question. Appellant's Brief at 17 (citing Commonwealth v. Perry, 883 A.2d 599, 602 (Pa. Super 2005)). Further, if the trial court fails to consider relevant sentencing criteria, including protection of the public, gravity of the underlying offense, and an appellant's rehabilitative needs, a substantial question is raised. Id. at 18 (citing Commonwealth v. Riggs, 63 A.3d 780, 786 (Pa. Super. 2012)). The Commonwealth suggests Appellant has not raised a substantial question because he is actually alleging that the trial court "did not adequately consider" various factors. Commonwealth Brief at 9 (citations omitted). We find the Commonwealth's argument unpersuasive. Based on the authorities cited by Appellant, we conclude he has presented a substantial question and we shall consider the merits of his sentencing issue.

With respect to initial sentencing proceedings, our Supreme Court "has reinforced the notion that a trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion in fashioning an appropriate sentence." Commonwealth v.

Pasture, 107 A.3d 21, 27 (Pa. 2014) (citing Commonwealth v. Perry, 32 A.3d 232 (Pa. 2011) and Commonwealth v. Walls, 926 A.2d 957 (Pa. 2007)). As the Pasture Court explained, broad sentencing discretion and a deferential standard of appellate review are warranted because "the sentencing court is in the best position to measure various factors and 'determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.'" Id. (quoting Perry, 32 A.3d at 236) (in turn quoting Walls, 926 A.2d at 961 (citations omitted)).

Further:

The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721. See Commonwealth v. Reaves, 592 Pa. 134, 150, 923 A.2d 1119, 1129 (2007) (citing 204 Pa. Code. § 303.1(b) (Sentencing Guidelines do not apply to sentences imposed as result of revocation of probation)).

Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum

sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

(1) the defendant has been convicted of another crime; or
(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

Moreover, 42 Pa.C.S. § 9721(b) specifies that in every case following the revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." See also Pa.R.Crim.P. 708(C)(2) (indicating at the time of sentence following the revocation of probation, "[t]he judge shall state on the record the reasons for the sentence imposed.").

However, following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a PSI during the initial sentencing proceedings. See Walls, [] 926 A.2d at 967 n. 7 ("Where [PSI] exist[s], we shall continue to presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").

. . . We emphasize a trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him.

Id. at 27-28 (footnote omitted).

As reflected in Appellant's summary of argument, the gist of Appellant's claim is that the trial court "failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense, and the rehabilitative needs of [Appellant] as required by 42 Pa.C.S.A. § 9721(b)." Appellant's Brief at 13. However, as is clear from the above excerpt from Pasture, the sentencing court is not required to consider the factors enumerated in Section 9721(b) when imposing a sentence following revocation of probation. Instead, the court is free to impose any sentencing alternative available at the time of original sentencing, including a sentence of complete confinement when, as here, Appellant has been convicted of another crime or his conduct indicates he is likely to commit another crime if not imprisoned. Moreover, following revocation, it is not necessary for a sentencing court to engage in a lengthy discourse for its reasons for imposing the sentence.

Here, the sentencing court imposed a sentence that was available at the time of initial sentencing and explained in sufficient detail the reasons for imposing a sentence of incarceration. See Notes of Testimony, Probation

Violation Hearing, 3/14/17, at 8-11.[2]  The court referenced the underlying crime itself that resulted in the death of a three-year old child, as well as Appellant's drug history, defiant trespass and assault charges, his earlier probation violation, and his lack of any employment history.[3]  The court noted the mitigating factor relating to Appellant's entry of the involuntary manslaughter plea but also noted his proxy score of eight, which suggested Appellant was likely to re-offend.  Id.

Based on our review of the record and the relevant authorities, we find no abuse of discretion on the part of the trial court in sentencing Appellant to a term of incarceration following his revocation of probation.  Therefore, we shall not disturb the sentence imposed.

Judgment of sentence affirmed.

_____

[2] From the hearing transcript, it is also clear that a PSI existed.  See Notes of Testimony, Probation Violation Hearing, 3/14/17, at 5.

[3] Although Appellant's counsel asserted that Appellant planned to obtain his GED and had a job waiting for him if probation were continued, no explanation was offered for his inability to complete his GED or obtain employment at any time prior to the revocation hearing.  See Notes of Testimony, Probation Violation Hearing, 3/14/17, at 5-7.  More than a year earlier, his probation officer documented that he tried to help Appellant with a job search and to obtain a birth certificate, social security card, and state identification card "all to no avail due to his lack of motivation."  See Gagnon I Probation Violation Report, 2/2/16, at 1.  The record does not reflect any effort on Appellant's part during the intervening period toward obtaining his GED or securing employment.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/25/2018</u>