J-S06019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RASHEAD BURNEY | : | |
| | : | |
| Appellant | : | No. 309 EDA 2019 |

Appeal from the PCRA Order Entered January 11, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012646-2014

BEFORE:    LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JUNE 08, 2020**

Rashead Burney appeals from the order denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Burney pled guilty to aggravated assault, criminal conspiracy, violation of the Uniform Firearms Act (VUFA), and possession of an instrument of crime (PIC).[1] Burney executed a Written Guilty Plea Colloquy on August 21, 2015 before entering into a non-negotiated guilty plea. That same day, the trial court sentenced Burney to serve an aggregate term of 7½ to 17 years' imprisonment. Burney did not file a motion for reconsideration or notice of appeal.

---

[1] *See* 18 Pa.C.S.A. §§ 2702(a)(1), 903(c), 6106(a)(1), and 907(a), respectively.

Proceeding *pro se*, Burney filed a timely PCRA petition, alleging that trial counsel had been ineffective for failing to file a motion for reconsideration of his sentence. The PCRA court appointed counsel, who filed an amended petition.

The PCRA court held an evidentiary hearing on January 11, 2019. Burney testified that, one or two days after his sentencing, his former girlfriend initiated a three-way conference call with Burney and trial counsel. **See** N.T., 1/11/19, at 8. Burney stated that during that conference call he directed trial counsel to file a motion for reconsideration. **Id.** at 8-9. Burney also testified that counsel had mailed him a letter regarding his sentence, to which Burney replied by letter, again instructing him to file a motion for reconsideration. **Id.** On cross-examination, however, Burney admitted that he did not have a copy of his letter to counsel. **Id.** at 16-17

Trial counsel also testified at the hearing. He stated that Burney had not asked him to file a motion for reconsideration. **Id.** at 23. Counsel testified as to his routine practice of filing the motions or appeals requested by his clients. **Id.** at 36-37. He stated that he sent Burney a letter, dated August 26, 2015, explaining his sentence and his post-sentencing rights. **Id.** at 23, 27. In the letter, counsel expressed his disappointment with Burney's sentence, but explained to Burney that the sentence was legal and that the court would be unlikely to reconsider it. **See** Letter, 8/26/15. Counsel testified that he did not recall receiving a reply letter from Burney. **See** N.T., 1/11/19, at 23.

Counsel also testified that, while Burney had not responded to his post-sentencing letter, Burney did mail him a letter dated June 5, 2016. *Id.* at 30. That letter did not mention a motion for reconsideration. Rather, Burney had written to discuss whether he could appeal his aggravated assault conviction. *See* Letter, 6/5/16. Counsel responded to Burney by letter, advising him that he could file a PCRA petition. *See* Letter, 7/28/16.

Further, counsel testified that he did not recall speaking with Burney by phone after his sentencing. *See* N.T., 1/11/19, at 23. Counsel noted that Burney had given him permission to speak with his former girlfriend about his case and that counsel spoke with her on occasion. *Id.* at 28. Counsel testified, however, that he did not recall speaking with Burney's girlfriend after the sentencing. *Id.*

The PCRA court denied Burney's request for relief at the conclusion of the evidentiary hearing. It did so in light of trial counsel's testimony, his system of archiving correspondence with Burney, his post-sentencing letter to Burney, and Burney's letter making no mention of a motion for reconsideration. *See* N.T., 1/11/19, at 46-47. Burney filed a timely notice of appeal on January 24, 2019. In his Rule 1925(b) statement, Burney argued that (1) trial counsel was ineffective for not filing a motion for reconsideration of his sentence and (2) the PCRA court erred by failing to reinstate Burney's reconsideration rights *nunc pro tunc*. *See* Pa.R.A.P. 1925(b). Burney filed his

appellate brief on or about July 23, 2019. The Commonwealth did not file a responsive brief, despite requesting four filing-extensions from the Court.[2]

Burney raises the following issue on appeal:

Did the trial court err in denying [Burney the] right to file motion to reconsider sentence *nunc pro tunc* when [Burney] showed trial defense counsel was ineffective for not filing a motion to reconsider sentence after [Burney] was sentenced?

Burney's Br. at 2.

Our standard of review for the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ligon***, 206 A.3d 515, 518 (Pa.Super. 2019) (quoting ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011)). This Court reviews the legal conclusions of the PCRA court *de novo*, and we view the PCRA court's credibility determinations as binding when supported by the record. ***Commonwealth v. Montalvo***, 205 A.3d 274, 286 (Pa. 2019).

A PCRA petitioner claiming ineffective assistance of trial counsel must prove the three prongs of the ***Strickland/Pierce*** test.[3] Burney must show

_____

[2] The docket reflects that the Court granted at least two of the Commonwealth's time-extension requests, granting the Commonwealth's second request on November 8, 2019 and its third on December 6, 2019. On January 10, 2020, the Court entered an order denying the Commonwealth's fourth time-extension request.

[3] ***Strickland v. Washington***, 466 U.S. 668 (1984); ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

that: "(1) [his] underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [he] suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different had counsel not erred." ***Commonwealth v. Rivera***, 199 A.3d 365, 374 (Pa. 2018). We presume counsel to have been effective, and the petitioner bears the burden of proving otherwise. ***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018). Failure to satisfy even one element of the test defeats a petitioner's claim. ***Id.***

Instantly, Burney claims that trial counsel was ineffective "for not filing a motion to reconsider sentence when requested to do so by the defendant and . . . fail[ing] to discuss the pros and cons of filing the motion to reconsider sentence when counsel believed that the sentence imposed by the trial court was too harsh." Burney's Br. at 6. Burney's claim fails, in part, because he has not shown that counsel lacked a reasonable basis for his conduct. Burney failed to prove that he requested counsel to file a motion for reconsideration. Although Burney testified that he instructed counsel to do so, the record supports the court's finding that he did not. Burney claims that he instructed counsel by phone two days after his August 21, 2015 sentencing. Counsel's August 26, 2015 letter advising Burney of his post-sentencing rights, however, does not mention this phone call or request for reconsideration. Burney also claims to have requested reconsideration in response to counsel's August 26,

- 5 -

2015 letter, yet he cannot produce a copy of that request. The PCRA court acknowledged counsel's careful archiving and ability to readily produce all correspondence with Burney. By memorandum dated July 8, 2019, the PCRA court "credited the testimony of [counsel] and discredited the testimony of [Burney], *i.e.*, that [he] timely requested trial counsel to file a motion for reconsideration." **See** Memorandum, 7/8/19, at 7. Again, the PCRA court's credibility determinations are binding on this Court when supported by the record. **See Montalvo**, 205 A.3d at 286.

Further, Burney has not shown that prejudice resulted from trial counsel's conduct. The Pennsylvania Supreme Court has explained that finding counsel ineffective depends on whether a defendant "has proven that a motion to reconsider sentence, if filed . . . would have led to a different and more favorable outcome at . . . sentencing." **Commonwealth v. Reaves**, 923 A.2d 1119, 1132 (Pa. 2007). The PCRA court concluded that Burney failed to prove that the filing of a motion for reconsideration would have changed the outcome of his sentencing. It noted that the sentence imposed by the trial court falls within the Sentencing Guidelines and conforms to the Sentencing Code.[4] It further reasoned that counsel advised Burney that his sentence lacked grounds for appeal and that the trial court would not likely reconsider it. **See** Letter, 8/26/2015. The record supports the PCRA court's findings, and we

---

[4] The trial court's imposed sentence of 7½ to 17 years' imprisonment falls below the maximum sentence of 51 to 102 years that Burney faced.

conclude that it did not err in finding that Burney failed to establish prejudice. Beyond repeating that counsel was disappointed with the sentence Burney received, Burney has not shown that a motion for reconsideration would have altered his sentence. Therefore, we find that Burney's PCRA claim is meritless.

We conclude that Burney's ineffectiveness claim fails. Accordingly, we affirm the PCRA court's order denying Burney relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/8/20