J. S03005/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL MADDOX, | : | No. 3060 EDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, October 3, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0011979-2010

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND OTT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED FEBRUARY 10, 2015**

Appellant, Michael Maddox, appeals the October 3, 2013 judgment of sentence entered in the Court of Common Pleas of Philadelphia County.  On appeal, appellant raises a challenge to the discretionary aspects of his sentence.  Finding the issue waived, we affirm the judgment of sentence.

On March 7, 2012, appellant entered into a negotiated guilty plea to one count of rape of an unconscious victim and incest, and was sentenced to 11½ to 23 months' incarceration to be followed by 8 years of probation.  Appellant was granted immediate parole.  While on probation, appellant tested positive for cocaine.  As a result, appellant's probation officer directed him to attend drug treatment.  Appellant refused to participate in treatment for his drug abuse.  Appellant tested positive for cocaine a second time.  During this period, appellant was also permanently discharged from the

mandatory sex offender treatment ("TAP") program, violating another condition of his probation.

On October 3, 2013, appellant appeared at a violation of probation ("VOP") hearing before the Honorable Joan A. Brown. Appellant stated he did not participate in drug treatment because he did not have a problem. (Notes of testimony, 10/3/13 at 6.) He acknowledged he was discharged from the TAP program because he did not pay the program fees. (*Id.*) The Commonwealth asked the court to revoke appellant's probation and impose a period of incarceration. (*Id.* at 9.)

Judge Brown sentenced appellant to two to four years' incarceration followed by two years of probation. Appellant neither objected to his sentence at the time of sentencing nor did he file a post-sentence motion for reconsideration of his sentence. Appellant filed a timely notice of appeal, raising the following issue for our review: "Did the trial court commit an abuse of discretion by imposing upon the appellant a manifestly excessive sentence of two (2) to four (4) years followed by two (2) years of probation?" (Appellant's brief at 4.)

As noted above, the issue appellant raises challenges discretionary aspects of his sentence which are not appealable as a matter of right. Rather, this court will only review challenges to the trial court's sentencing discretion if the appellant satisfied the following four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post

sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa.Super. 2013) (citation omitted). "[A] failure to file a motion for reconsideration after failing to object at sentencing [. . .] operates to waive issues relating to the discretionary aspects of sentencing." *Commonwealth v. Reaves*, 923 A.2d 1119, 1125 (Pa. 2007).

Instantly, appellant did not raise an objection to the sentence at his VOP hearing or in a post-sentence motion. As appellant failed to preserve his discretionary sentencing claim for our review, we are unable to review the issue raised on appeal. We, therefore, affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015