J-S13004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMIE SKURSKY | |
| Appellant | No. 959 MDA 2019 |

Appeal from the Judgment of Sentence entered May 16, 2019
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0001054-2017

BEFORE:  STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                     **FILED JUNE 16, 2020**

Appellant, Jamie Skursky, appeals from the judgment of the sentence the Court of Common Pleas of Luzerne County entered May 16, 2019.  On appeal, Appellant challenges the discretionary aspects of his sentence.  We affirm.

The trial court summarized the relevant background as follows.

On June 9, 2017, [Appellant] entered a guilty plea to false reports, harassment, flight to avoid apprehension, and resisting arrest in two separate cases.  During a traffic stop on August 8, 2016, [Appellant] gave police the name of an individual he was acquainted with rather than properly identifying himself. [Appellant] was ultimately charged with those offenses at Case Number 1052 of 2017.  When officers attempted to serve [Appellant] with an arrest warrant for false reports and harassment on March 9, 2017, [Appellant] fled from officers and resisted arrest.  He was charged with those offenses at Case Number 1054 of 2017.

_____

[*] Retired Senior Judge assigned to the Superior Court.

After pleading guilty, [Appellant] was originally sentenced on August 28, 2017 at [the instant case] to twelve months in the Intermediate Punishment Program (IPP) – in lieu of incarceration – for flight to avoid apprehension and twelve months of consecutive probation for resisting arrest for an aggregate term of supervision of two years. The first 60 days of IPP were to be served while on electronic monitoring. [Appellant] was also required to pay court costs. After a December 7, 2017 Motion to Modify was granted in part, [Appellant]'s sentence for flight to avoid apprehension was modified from an IPP sentence to twelve months of probation.

On November 7, 2018, while serving his twelve month probationary sentence for resisting arrest, a Probation Violation Report was prepared by the Luzerne County Department of Probation Service Adult Probation and Parole Division ("Probation Services"). The report alleged that [Appellant] committed technical violations while on probation. Specifically, [Appellant] failed to report as directed for a period of two months and was in arrears toward his financial responsibilities. At his [***Gagnon II***][1] proceeding on May 16, 2019, [Appellant] admitted to having committed both technical violations.

Based on [Appellant]'s admission to violating terms of probation, [the sentencing court] immediately revoked his probation and resentenced him to a standard range sentence[2] of six to twelve months incarceration in the Luzerne County Correctional Facility. Additionally, [the sentencing court] ruled that [Appellant] had 106 days of credit for time already served and that he was immediately

---

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

[2] The sentencing court, however, recognized that sentencing guidelines were not applicable to revocation of probations sentences, and that the sentence imposed would fall within the standard range if the sentencing guidelines were applicable. ***See*** Trial Court Opinion, 8/13/19, at 2, n.7; N.T. 5/16/19, at 4-5. ***See also*** 204 Pa. Code § 303.1(b) (The sentencing guidelines do not apply to sentences imposed as a result of the following: "accelerated rehabilitative disposition; disposition in lieu of trial; direct or indirect contempt of court; violations of protection from abuse orders; revocation of probation, county intermediate punishment or state intermediate punishment, except as provided in 204 Pa. Code Chapter 307; or revocation of parole.").

eligible for re-entry program after serving four months of his minimum sentence.

[Appellant] filed a Motion to Modify Sentence on May 23, 2019, which was denied on May 30, 2019. On June, 2019, Appellant filed a timely Notice of Appeal from the judgment of sentence. After being ordered to do so, [Appellant] filed a Concise Statement of Matters Complained of on Appeal [] on July 12, 2019.

Trial Court Opinion, 8/13/19, at 1-2 (footnotes and citations to the record omitted).

Our standard of review for challenges to the discretionary aspects of a sentence is well settled. We apply an abuse of discretion standard. Additionally, because challenges to the discretionary aspects do not entitle an appellant to appellate review as of right, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test to determine: 1) whether the appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *See Commonwealth v. Moury*, 992 A.2d 162, 169-70 (Pa. Super. 2010).

For purposes of our review, we accept that Appellant has met the above test. Thus, we will address the merits of his contentions.

Appellant first argues the sentencing court abused its discretion by imposing a term of incarceration following revocation of probation due to

technical violations. In this regard, Appellant properly noted that pursuant to Section 9771(c), a sentence of total confinement after revocation of probation is proper if one the following conditions occurs: (i) defendant has been convicted of another crime, or (ii) the conduct of defendant indicates that he is likely to commit another crime if not imprisoned, or (iii) if such a sentence is essential to vindicate the authority of the court.

Appellant addressed conditions (i) and (ii) in his argument, but never addressed (iii), which is the reason provided by the sentencing court for imposing a sentence of total confinement. In this regard, the sentencing court noted that the term of imprisonment "was essential to vindicate the authority of the court," Trial Court Opinion, 8/13/19, at 5, after the trial court found that Appellant's failure to comply with the terms of the lenient sentence previously imposed amounted to "disrespect [to the sentencing] court's authority and demonstrate[d] a disregard for the advantages he was afforded by supervision." *Id.* Appellant's first claim, therefore, fails.[3]

_____

[3] In connection with his first claim, Appellant also argues that the trial court failed to consider Appellant's rehabilitative needs and the absence of necessity to incarcerate Appellant to protect the public. Appellant's Brief at 8. The claim is without merit. Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[ ]" does not apply to a revocation sentence. *Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (citing 42 Pa.C.S.A. § 9721(b)).

Next, Appellant argues that the sentencing court abused its discretion in relying on the sentencing guidelines, and that by doing so it imposed a harsher sentence. We disagree.

The sentencing court clearly stated that the sentencing guidelines were not applicable. A fair reading of the sentencing court references to sentencing ranges suggests, at most, the sentencing court was aware of the sentencing guidelines. Even if it did consider the guidelines, as Appellant suggests, it would be just one factor, among others, considered by the sentencing court. It is not an improper factor, nor does Appellant provide authority to the contrary. Again, the trial court did not apply the sentencing guidelines, and Appellant does not dispute that fact.

Regarding the alleged harshness of the sentence, there is nothing in the record or the law supporting his claim that the sentencing court abused its discretion in imposing a term of imprisonment following revocation of probation.

Upon revocation of probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b).

Indeed,

> [t]he sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures

- 5 -

designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9771(b).

*Pasture*, 107 A.3d at 27.

In *Pasture*, our Supreme Court also noted:

[A]fter entering his plea, Pasture initially received a lenient sentence for aggravated indecent assault and corruption of minors. In fact, Pasture originally received a mitigated-range sentence, and the bulk of his sentence was probationary in nature. Despite this, he failed to adhere to the conditions imposed upon him, and the trial court, upon revocation of the probation, imposed a lengthier sentence, which was within the statutory bounds. **We emphasize a trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him. *See [Commonwealth v. Reaves*, 923 A.2d 1119, 1122 n.5 (Pa. 2007)].** In point of fact, where the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

*Id.* at 28-29 (emphasis added).

Here, similarly, the sentencing court observed that the imposition of a harsher sentence as compared to the original sentence was necessary to

restore the authority of the sentencing court after Appellant failed to comply with the more lenient terms of the original sentence. The sentencing court was aware of Appellant's background (as it presided over the guilty plea hearing), the nature of the violations, the original pre-sentence investigation report, counsel's arguments, and the probation officer's recommendation.

In light of the foregoing, we conclude that the sentencing court properly exercised its discretion in imposing a sentence of total confinement. Under the circumstances, the sentencing court did not abuse its discretion in imposing a term of imprisonment. *See Pasture*, *supra*. Thus, Appellant is not entitled to relief on this claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2020