J-S69037-19 & J-S69038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :           PENNSYLVANIA
                                           :
            v.                             :
                                           :
                                           :
                                           :
BAIHEEM GRESHAN                            :
                                           :
            Appellant                      :    No. 328 EDA 2019

Appeal from the PCRA Order Entered January 14, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002458-2012

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :           PENNSYLVANIA
                                           :
            v.                             :
                                           :
                                           :
                                           :
BAIHEEM GRESHAN                            :
                                           :
            Appellant                      :    No. 331 EDA 2019

Appeal from the PCRA Order Entered January 14, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008824-2014

BEFORE:   SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

DISSENTING MEMORANDUM BY SHOGAN, J.:          **FILED JULY 31, 2020**

        I respectfully dissent.  After careful review of the record, I agree with

the Commonwealth's conclusion that Appellant failed to present a challenge

to the discretionary aspects of his sentence in his PCRA petition.

Commonwealth's Brief at 7.  Accordingly, Appellant waived this issue, and he

_____

[*] Retired Senior Judge assigned to the Superior Court.

may not raise it for the first time on appeal. Pa.R.A.P. 302(a); *see also Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2019) (issues not raised in the PCRA petition are waived; a claim for post-conviction relief cannot be raised for the first time on appeal).

The Majority relies on *Commonwealth v. Reaves*, 923 A.2d 1119 (Pa. 2007), and *Commonwealth v. Presley*, 193 A.3d 436 (Pa. Super. 2018), in support of its decision to reverse the order of the PCRA court. However, in both *Reaves* and *Presley*, the petitioners raised issues concerning the discretionary aspects of their sentences in the PCRA court and preserved them for appeal. *See Reaves*, 923 A.2d at 1122 (petitioner alleged that the violation of probation court abused its discretion in imposing a sentence in excess of the Sentencing Guidelines without stating the reasons for doing so on the record); *see also Presley*, 193 A.3d at 440 (petitioner challenged the discretionary aspects of his sentence and alleged the sentence was harsh and excessive).

In the case at bar, Appellant alleged in his PCRA petition only that prior counsel was ineffective for "fail[ing] to attach an[] order VACATING the sentence … Counsel also failed to contact the Honorable Rayford A. Means and either request a date for the Reconsideration Hearing or ask His Honor to Deny the Motion Without a Hearing." PCRA Petition, 4/2/18, at ¶10. Appellant does not mention the discretionary aspects of his sentence or aver that the revocation court failed to provide reasons for the sentence imposed.

Therefore, I conclude that any issue Appellant has relative to the discretionary aspects of sentence was waived. **Jones**, 912 A.2d at 278. Accordingly, I respectfully dissent.