J-S56008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIE JAMES | : | |
| | : | |
| Appellant | : | No. 1397 EDA 2019 |

Appeal from the PCRA Order Entered April 11, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003924-2010

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED MARCH 16, 2021**

Appellant, Willie James, appeals from the post-conviction court's April 11, 2019 order, dismissing as meritless his timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

We need not reiterate the procedural history and relevant facts of this case, as the PCRA court set forth a summary of both in its November 27, 2019 opinion issued pursuant to Pa.R.A.P. 1925(a). **See** PCRA Court Opinion (PCO), 11/27/19, at 1-2. On appeal, Appellant raises three issues for our review:

> I. Whether the PCRA court erred in denying Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.
>
> II. Whether the PCRA court erred in finding trial counsel was not ineffective for failing to file a post-sentence motion challenging the weight of the evidence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

III. Whether the PCRA court erred in finding trial counsel was not ineffective for failing to file a post-sentence motion for reconsideration of sentence.

Appellant's Brief at 8.

With respect to Appellant's first and second issues, we have reviewed the thorough and well-reasoned opinion issued by the Honorable Genece E. Brinkley of the Court of Common Pleas of Philadelphia County. We conclude that Judge Brinkley's opinion accurately and thoroughly disposes of the first and second issues raised by Appellant. **See** PCO at 2-5. Accordingly, we adopt her opinion as our own with respect to those issues.

In Appellant's third issue, he argues that the PCRA court erred in finding that his trial counsel was not ineffective for failing to file a post-sentence motion for reconsideration of sentence. We deem this claim waived on multiple grounds. Initially, Appellant does not indicate where he raised this issue below. **See** Pa.R.A.P. 2117(c) (requiring, where an issue is not reviewable on appeal unless raised or preserved below, a statement of place of raising or preservation of issues); Pa.R.A.P. 2119(e) ("Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information"). "Our appellate courts have long held that an [appellant] who does not follow Pa.R.A.P. 2117(c) and Pa.R.A.P. 2119(e) waives the related issues due to the

defects in his brief." ***Young v. S.B. Conrad, Inc.***, 216 A.3d 267, 274 (Pa. Super. 2019). "[I]t is not the responsibility of this Court to scour the record to prove that an appellant has raised an issue before the [lower] court, thereby preserving it for appellate review." ***Commonwealth v. Baker***, 963 A.2d 495, 502 n.6 (Pa. Super. 2008) (citations omitted). Moreover, though we are not required to scour the record, our own review of it shows that this issue was not raised in Appellant's amended PCRA petition that was filed by his appointed counsel, and we also could not locate such a claim in Appellant's *pro se* filings. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Finally, Appellant's argument in his brief pertaining to this issue is wholly deficient. His entire argument on this issue consists of the following:

> Similar to a motion alleging the verdict is against the weight of the evidence, prejudice must be shown when trial counsel fails to file a motion for reconsideration of sentence. ***See***[] ***Commonwealth v. Reaves***, 923 A.2d, 1119, 1129 (Pa. 2007). Chiefly, to prove prejudice, a petitioner must prove that[,] had [he or she] filed [a] post-sentence motion for reconsideration of sentence, it would have been granted. ***See Commonwealth v. Liston***, 977[]A.2d 1089 (Pa. 2009). Counsel's failure to file a motion to reconsider the sentence is ineffective assistance of counsel. A reasonable judge would have granted a reconsideration motion. There is no "reasonable basis" for counsel not to file a motion to reconsider … Appellant's sentence. Appellant was sentenced to mandatory life [imprisonment] without parole[,] and sentenced to [a] consecutive [term of] 10 to 20 years[' imprisonment] for the crime of robbery[,] and [concurrent terms of 10-20 years' imprisonment for conspiracy and 2½-5] years[' imprisonment] for possession of an instrument of a crime.
>
> Further, there is no tactical drawback to counsel['s] filing a motion for reconsideration of sentence, as long as the claim raised has

merit. [] Appellant would have had nothing to lose had trial counsel filed a motion for reconsideration of sentence, which had merit in this instance.

Finally, Appellant suffered actual prejudice as a result of counsel's failure to file a motion to reconsider [his] sentence. He could have been resentenced[,] and the Superior Court could not consider … Appellant's sentence on a direct appeal.

Appellant's Brief at 16-17.

In his argument, Appellant neglects to explain specifically how his sentence was improper, and why his sentencing claim would have had merit. As the Commonwealth discerns, Appellant provides an inadequate factual argument and insufficient legal support for his claim. **See** Commonwealth's Brief at 8 n.3. We will not review such undeveloped issues. **Coulter v. Ramsden**, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) ("The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. … This Court will not act as counsel and will not develop arguments on behalf of an appellant."). Therefore, based on the foregoing reasons, Appellant's third issue is waived. No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2021

- 4 -