J-S15037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                       :              PENNSYLVANIA
                                                        :

                     v.                                           :

PATRICK I. ONESKO                    :

                           Appellant        :     No. 1191 WDA 2020

Appeal from the PCRA Order Entered October 27, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005351-2017

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED:  August 19, 2021**

Appellant, Patrick I. Onesko, appeals from the order of the Court of

Common Pleas of Allegheny County (trial court) that denied his petition filed

under the Post Conviction Relief Act (PCRA)[1] asserting ineffective assistance

of his probation revocation counsel.  After careful review, we affirm.

On December 7, 2017, Appellant was convicted by a jury of criminal

solicitation to commit involuntary deviate sexual intercourse, unlawful contact

with a minor, and two counts of corruption of minors.[2]  These convictions were

based on communications by Appellant, who was 27 years old at the time,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 902(a) and 3123(a), 18 Pa.C.S. § 6318(a)(1), and 18 Pa.C.S. §
6301(a)(1)(ii), respectively.

with a 14-year-old and a 15-year-old through the social media platform Snapchat. *Commonwealth v. Onesko*, No. 494 WDA 2018, unpublished memorandum at 1-2 (Pa. Super. filed July 3, 2019). When he initiated communications with these teenagers, Appellant represented that he was a high school student. *Id.* at 2. Later in these communications, after he admitted his age and identity, Appellant asked the 14-year-old to describe his genitals and propositioned the 15-year-old to engage in oral sex. *Id.* On March 1, 2018, the trial court sentenced Appellant on the solicitation and unlawful contact convictions to concurrent terms of incarceration of 11 months and 29 days to 1 year, 11 months, and 28 days, with the balance of the sentences after time served to be on house arrest, and 5 years' probation for each of these convictions, with the probation to run concurrently with the sentences of incarceration and house arrest. N.T. Sentencing, 3/1/18, at 37-38; Sentencing Order, 3/1/18.[3] Appellant timely appealed and this Court on July 3, 2019 affirmed the judgment of sentence. On January 2, 2020, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Onesko*, 222 A.3d 1124 (Pa. 2020).

The conditions of Appellant's probation prohibited him from having internet access and from having contact with anyone under the age of 18.

---

[3] The trial court imposed no further penalty for the corruption of minors convictions. N.T. Sentencing, 3/1/18, at 38; Sentencing Order, 3/1/18.

- 2 -

Trial Court Opinion, 1/12/21, at 2; N.T. **Gagnon I**[4] Hearing, 6/6/18, at 5. On May 14, 2018, less than three months after Appellant was sentenced, the Allegheny County Probation Department received a report that Appellant was having a sexual relationship in West Virginia with a 16-year-old whom he had met on a teen dating internet site. N.T. **Gagnon I** Hearing, 6/6/18, at 4-5. On May 15, 2018, the Probation Department conducted a compliance check at Appellant's residence and found Appellant in possession of several internet devices, including a smartphone, laptop computer, and iPad. **Id.** at 6-8. The Probation Department arrested Appellant for violation of his probation and confiscated the electronic devices. **Id.** at 7-8. On June 6, 2018, the trial court held a **Gagnon I** probation violation hearing at which the Probation Department sought Appellant's detention for violation of the restrictions on internet use and contact with minors and for failure to report and failure to attend sex offender treatment. **Id.** at 2, 4-10. At the close of this hearing, the trial court ordered Appellant detained pending investigation of the probation violations. **Id.** at 11-13.

On January 2, 2019, the trial court held a **Gagnon II** probation violation hearing at which the Commonwealth presented evidence that Appellant was found in possession of a smartphone, laptop computer, iPad, and internet router on May 15, 2018. N.T. **Gagnon II** Hearing, 1/2/19, at 5-8. The

---

[4] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

Commonwealth also presented evidence at this hearing that Appellant made contact with a 16-year-old who lived in West Virginia in late March or early April 2018 on a teen dating internet app where Appellant initially stated in his profile that he was 16 years old. *Id.* at 10, 16-17. The Commonwealth's evidence further showed that Appellant later communicated with this 16-year-old via Snapchat, Instagram, FaceTime, and text message, and that Appellant met him in person three times in West Virginia in mid to late April 2018. *Id.* at 10-14, 16. In the first of these in person meetings, Appellant and the 16-year-old kissed and in the second and third meeting, they engaged in oral sex. *Id.* at 11-14. Appellant's probation revocation counsel did not dispute that Appellant committed these violations of his probation, but called as witness a pastor who runs a residential treatment facility for sex offenders, who testified that his facility could provide treatment and supervision for Appellant that would prevent Appellant from accessing the internet and contacting minors, and argued that this facility could provide a better alternative than further incarceration. *Id.* at 20-34. Following this hearing, the trial court revoked Appellant's probation and sentenced him to an aggregate term of 3 to 6 years' incarceration, followed by 4 years' probation. *Id.* at 44; Sentencing Order, 1/2/19.

Appellant's probation revocation counsel filed a timely motion to modify sentence asserting that the probation revocation sentence was excessive and requesting that the trial court include in its sentence a Boot Camp

recommendation and give Appellant credit for an additional 102 days of time served. The trial court, by order entered January 24, 2019, granted Appellant the additional days of credit for time served, but otherwise denied the motion to modify sentence. Appellant timely appealed the probation revocation sentence, but following the withdrawal of Appellant's probation revocation counsel and the appointment of new counsel, Appellant discontinued that appeal on July 29, 2019.

On April 1, 2020, Appellant timely filed the PCRA petition at issue here, in which he alleged that his probation revocation counsel was ineffective for failing to investigate and present evidence at the January 2, 2019 hearing of Appellant's history of head trauma and therapeutic needs and Appellant's compliance and attempted compliance with his probation obligations. On October 26, 2020, the trial court held an evidentiary hearing on this PCRA petition at which Appellant, Appellant's probation revocation counsel, and Appellant's parents, who hired his probation revocation counsel, all testified. In addition, Appellant submitted a stipulation as to the testimony of several additional witnesses, including Rita Lukas, the licensed therapist whom Appellant attempted to contact to set up sex offender treatment. N.T. PCRA Hearing, 10/26/20, at 71-72; Petition for Post-Conviction Relief: Supplemental Witness List and Stipulations (PCRA Witness Stipulation).

At the PCRA hearing, Appellant testified that he suffered multiple concussions playing football in high school and additional head injuries playing

sports as an adult and that he was experiencing headaches and depression at the time of the probation violations. N.T. PCRA Hearing, 10/26/20, at 10-15. Appellant also testified that he attempted unsuccessfully to contact a therapist while he was on probation, made three or four unsuccessful attempts to set up sex offender treatment, and complied with his probation reporting requirements. *Id.* at 15-16, 20-23. Appellant did not dispute that he contacted the 16-year-old on the internet, went to West Virginia, and had oral sex with the 16-year-old or that these actions violated his probation. *Id.* at 25-26.

Appellant's probation revocation counsel testified that he believed that a state prison sentence was highly likely given the severity of probation violation and that his strategy was to defer the revocation hearing to increase the amount of time already served and seek a halfway house sentence based on the fact that substantial incarceration had already occurred. N.T. PCRA Hearing, 10/26/20, at 34-35, 46-47. Probation revocation counsel testified that Appellant's parents raised the concussion issue shortly before the January 2, 2020 hearing and that he followed up on this issue with forensic pathologist Cyril Wecht as a possible expert, but that Dr. Wecht said that he could not help. *Id.* at 36-38, 47-49. Probation revocation counsel further testified that he did not believe that raising the issue of concussions would have any positive effect on the revocation sentence absent supporting expert testimony. *Id.* at 39-40, 47.

Appellant's parents testified concerning Appellant's concussions and mental state and his compliance with probation, and that they gave probation revocation counsel the names of possible witnesses on these subjects, including Dr. Wecht. N.T. PCRA Hearing, 10/26/20, at 55-68. Appellant did not introduce any evidence of expert testimony that could have been presented at the January 2, 2019 probation revocation hearing. The stipulation as to additional witnesses set forth that therapist Lukas would testify that Appellant contacted her in March 2018 to set up sex offender therapy, but no appointment was made due to scheduling difficulties, and that she could evaluate Appellant for therapeutic services. PCRA Witness Stipulation at 3 ¶3. This stipulation, however, did not set forth the results of any therapeutic evaluation of Appellant or any expert opinion that she or any other witness could have provided concerning Appellant's therapeutic needs or recommended treatment or alternatives to incarceration. *Id.* at 2-3.

Following this hearing, the trial court issued an order on October 27, 2020 denying Appellant's PCRA petition. This timely appeal followed. Appellant raises the following issues for our review in this appeal:

I. Whether revocation counsel was ineffective for:

a. Failing to investigate and present evidence regarding Mr. Onesko's untreated behavioral changes following a substantial history of head trauma resulting from his time playing and coaching football from an early age?

b. Failing to investigate and present evidence from therapists familiar with Mr. Onesko's therapeutic needs and background?

c. Failing to investigate and present evidence of Mr. Onesko's compliance and attempted compliance with his probation obligations?

[II.] Whether the cumulative weight of revocation counsel's failure to investigate and present evidence relating to Mr. Onesko's untreated behavioral problems, therapists familiar with his condition, and Mr. Onesko's compliance and partial compliance with his probationary conditions deprived Mr. Onesko of the right to effective counsel?

Appellant's Brief at 4 (suggested answers and trial court answers omitted).

We review the denial of Appellant's PCRA petition to determine whether the record supports the trial court's findings and whether the court's decision is free of legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Reaves*, 923 A.2d 1119, 1124 (Pa. 2007); *Commonwealth v. Smith*, 181 A.3d 1168, 1174 (Pa. Super. 2018). We must view the findings of the trial court and the evidence of record in a light most favorable to the prevailing party, and the court's credibility determinations, if supported by the record, are binding on this Court. *Mason*, 130 A.3d at 617; *Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*).

To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the convicted defendant must prove: (1) that the underlying legal claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis designed to effectuate his client's interests; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Mason*, 130 A.3d at 618; *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super.

2013) (*en banc*). The defendant must satisfy all three prongs of this test to obtain relief on an ineffective assistance of counsel claim. **Mason**, 130 A.3d at 618; **Smith**, 181 A.3d at 1175; **Stewart**, 84 A.3d at 706.

The trial court found that Appellant's probation revocation counsel's actions and failure to present evidence concerning Appellant's head injuries and mental condition were reasonable strategic decisions and that there was no evidence that expert testimony concerning these issues could have presented at the probation revocation hearing. Trial Court Opinion, 1/12/21, at 5. In addition, the trial court found that Appellant did not show that he suffered any prejudice from probation revocation counsel's failure to present such evidence or present evidence concerning Appellant's compliance with reporting requirements or his attempts to set up sex offender treatment because none of this evidence would have negated his serious probation violation or lessened the sentence that the court imposed. **Id.** at 5-6.

These determinations are supported by the record. There was no dispute that Appellant committed multiple serious violations of the conditions of his probation by repeatedly contacting a minor over the internet and engaging in sex acts with the minor.[5] Probation revocation counsel testified

---

[5] Although Appellant was still serving the house arrest portion of his incarceration sentence when he committed these acts, he was also on probation at that time, as his probation sentence was concurrent with his incarceration and house arrest. N.T. Sentencing, 3/1/18, at 37-38; Sentencing Order, 3/1/18. This Court's decision in **Commonwealth v.**
*(Footnote Continued Next Page)*

that he made a strategic judgment to not raise the concussion issue and to seek to lessen Appellant's sentence by presenting the evidence that he introduced at the hearing of a residential treatment alternative. Appellant's claims that counsel failed to adequately investigate and introduce expert testimony concerning Appellant's mental condition and treatment needs fail because he presented no evidence of expert testimony that could have been introduced at the probation revocation hearing.

Moreover, even if Appellant had shown any deficiency in counsel's representation, Appellant's PCRA petition was properly denied because he failed to show that the alleged deficiencies, by themselves or cumulatively, caused him to suffer any prejudice. To satisfy the prejudice element of an ineffective assistance of counsel claim, the convicted defendant must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Mason*, 130 A.3d at 618; *Reaves*, 923 A.2d at 1127; *Stewart*, 84 A.3d at 707. Where, as here, trial counsel's alleged errors relate solely to the defendant's sentence, the prejudice element requires that the defendant show a reasonable probability that the action that he contends that counsel should have taken would have

---

*Simmons*, __ A.3d __, 2021 PA Super 166 (No. 2461 EDA 2018 filed August 18, 2021) (*en banc*) therefore does not affect the validity of the revocation of Appellant's probation.

resulted in a more favorable sentence. ***Reaves***, 923 A.2d at 1131-32; ***Commonwealth v. Presley***, 193 A.3d 436, 444-45 (Pa. Super. 2018).

Here, the violations for which Appellant's probation was revoked involved recurrence of conduct similar to that on which his convictions were based, were violations of restrictions designed to prevent that conduct, and occurred only weeks after Appellant was released to house arrest and probation. While the Commonwealth also briefly stated at the ***Gagnon II*** hearing that Appellant had failed to report to the Probation Department on one occasion in April 2018, it did not introduce evidence at that hearing that Appellant had failed to comply with the requirement that he attend sex offender treatment and the trial court revoked Appellant's probation based on his undisputed violation of the prohibitions of internet use and contact with minors, not for failure to report or failure to comply with treatment requirements. N.T. ***Gagnon II*** Hearing, 1/2/19, at 4, 41-44. Evidence concerning Appellant's head injuries, mental state, or therapeutic needs and evidence that he complied with other probation conditions would not in any way reduce the seriousness of the violations on which the probation revocation was based or show that such violations would not recur. Accordingly, there was no reasonable probability that any of this evidence would have resulted in a more favorable sentence than the sentence of 3 to 6 years' imprisonment followed by 4 years' probation that the trial court imposed.

Appellant argues that courts have found that the prejudice requirement of an ineffective assistance counsel claim has been or can be satisfied where the defendant's counsel's inadequacy consists of failure to introduce mitigating evidence concerning the defendant's mental condition and background. These cases, however, did not involve situations that bear any resemblance to the probation revocation proceedings and sentence here. Rather, they are all capital cases where the defendant was sentenced to death, in which any additional mitigating factor could affect the sentence by causing at least one juror to vote not to impose the death penalty and the sentencing alternative of life imprisonment would also remove the defendant from society. *See* *Wiggins v. Smith*, 539 U.S. 510, 516, 534-38 (2003); *Williams v. Taylor*, 529 U.S. 362, 370, 393-99 (2000); *Commonwealth v. Tharp*, 101 A.3d 736, 745, 772-75 (Pa. 2014); *Commonwealth v. Sepulveda*, 55 A.3d 1108, 1116, 1127-31 (Pa. 2012); *Commonwealth v. Collins*, 888 A.2d 564, 567, 579-84 (Pa. 2005); *Commonwealth v. Malloy*, 856 A.2d 767, 772, 784-89 (Pa. 2004). The fact that such evidence could affect a decision between life in prison versus death does not support a conclusion that there is any reasonable probability that it would cause the trial court here to sentence Appellant to less than the 3 to 6 years' imprisonment and further probation that it imposed.

For the foregoing reasons, we conclude that Appellant did not show any ineffective assistance by his probation revocation counsel. Accordingly, we affirm the trial court's order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2021