J-S38022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :           PENNSYLVANIA
                                         :
                    v.                     :
                                         :
                                           :
STANLEY PURCELL                :
                                           :
              Appellant            :      No. 2309 EDA 2022

Appeal from the PCRA Order Entered August 18, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006667-2019

BEFORE:   LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:         **FILED DECEMBER 14, 2023**

Stanley Purcell appeals from the order denying his first petition for relief filed under the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The facts and procedural history may be summarized as follows. On March 2, 2019, at approximately 8:00 p.m., Purcell entered his uncle's place of business and stabbed him with a knife. Although seriously injured, Purcell's uncle survived. As a result of this incident, Purcell was charged with attempted murder, aggravated assault, possession of an instrument of crime, simple assault, and recklessly endangering another person.

---

[*] Retired Senior Judge assigned to the Superior Court.

Initially, Purcell was found incompetent to stand trial, but became competent once he was involuntarily committed and received mental health treatment for schizophrenia. On September 8, 2020, Purcell entered an open guilty plea to aggravated assault and possession of an instrument of crime. The Commonwealth withdrew the remaining charges. On November 17, 2020, the trial court sentenced Purcell for his aggravated assault conviction to four to eight years of imprisonment, to be followed by a two-year probationary term. The court also imposed a concurrent, two-year probationary term for Purcell's possession of an instrument of crime conviction. Purcell filed neither a post-sentence motion nor a direct appeal.

On October 19, 2021, Purcell filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel. PCRA counsel filed an amended petition on February 6, 2022, in which Purcell claimed that prior counsel provided ineffective assistance by not filing a motion to reconsider his sentence. On July 26, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Purcell's petition.[1] Purcell did not file a response. By order entered

---

[1] Although this notice is listed on the docket, the actual document does not appear in the certified record.

August 18, 2022, the PCRA court denied Purcell's petition. This appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.[2]

Purcell raises the following two issues on appeal:

Whether the PCRA court erred in denying [Purcell's] PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition?

Whether the PCRA court was in error in not granting relief on the issue that [trial] counsel was ineffective for failure to file a motion for reconsideration of sentence[?]

Purcell's Brief at 7. We address these claims together.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

---

[2] By letter dated November 22, 2022, this Court was informed that the record would be transmitted without an opinion because the PCRA court judge had retired.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

Purcell's substantive claim challenges the effectiveness of counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** In assessing a claim of ineffectiveness, when it is clear that the petitioner has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

As with a claim that counsel was ineffective for failing to file a direct appeal, when challenging counsel's failure to file a motion for reconsideration, a PCRA petitioner must first establish that he asked counsel to file such a motion. **Commonwealth v. Ousley**, 21 A.3d 1238, 1244 (Pa. Super. 2011).

Here, Purcell did not proffer any evidence that he requested trial counsel to file a motion to reconsider sentence. At sentencing, trial counsel expressly informed Purcell that he had ten days in which to file a motion for sentence reconsideration and thirty days in which to file an appeal. Counsel further instructed him that he "must contact [her] if [he] would like any of these to be filed . . . but as of today I will not file it." N.T., 11/17/20, at 27-28. Reading his brief, Purcell has not even averred that he requested counsel to file the motion. For this reason alone, Purcell's ineffectiveness claim fails.

Even if Purcell had made such a request, and his counsel failed to file the motion, relief would not be warranted because Purcell cannot establish prejudice. In order obtain post-conviction relief, a PCRA petitioner must establish actual prejudice, that is, he must prove that a motion to reconsider sentence, if filed, would have led to a different and more favorable outcome at sentencing. **Commonwealth v. Reaves**, 923 A.2d 1119, 1132 (Pa. 2007).

At the sentencing hearing held on November 17, 2020, the trial court referenced Purcell's pre-sentence and mental health reports, was informed of the applicable guidelines, and then heard argument from the parties. In addition, Purcell's uncle testified that he was still suffering from his injuries

and his belief that Purcell was "a threat to society at large." N.T., 11/17/20, at 24. Purcell also exercised his right of allocution.

The trial court then provided the following comments before imposing sentence:

> I did tell [trial counsel] I would not go over what the DA recommended and you got lucky for that.
>
> What I heard during your [allocution] once you got it off your chest, like it was okay, I'm not going to do it again because I already stabbed him and that's good enough for me. I'm not seeing any remorse of any nature.
>
> I actually review everything and I read absolutely everything. The prior simple assault was against the sister where he stabbed her in the leg with glass. This is not the first time he stabbed. They downgraded it to a simple assault.
>
> ***
>
> But this one I'm going to agree with the DA. It's going to be four to eight years with two years [of] probation.

N.T., 11/17/20, at 26.

The court also informed Purcell that he would be getting credit for all time he already served, and Purcell stated that he understood. The following exchange then occurred:

> **THE COURT**: I want you to understand this, my initial reaction after listening to your allocution was more like ten to twenty. But, I'm a man of my word, I said I wouldn't go over what the DA had [recommended] and I won't.
>
> So you got lucky on that one. I know you think it's harsh, but let me tell you it would have been a lot harsher.
>
> You scare me.

[**PURCELL**]: I scare you?

**THE COURT**: Yes, you scare me. The fact of the matter is that you just had to get it off of your chest. It's okay, I did it now and I'm done.

You've hadn't had mental health treatment in the past. That's based upon the review of the PSI, all the records, the mental health report and everything else. I understand what's going on here. I know you don't like your sentence but do you understand it?

[**PURCELL**]: Yes.

N.T., 11/17/20, at 26-27.

Given the above comments, had trial counsel filed a motion for sentence reconsideration, it would have been denied. Thus, Purcell's ineffectiveness claim fails.

In sum, the PCRA court correctly determined that Purcell's ineffectiveness claim lacked merit and that an evidentiary hearing was not warranted. We therefore affirm the order denying Purcell post-conviction relief.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/14/2023